Weldon, J.,
delivered the opinion of the court:
The findings show that the decedent was on the 10th day of June, 1890, appointed by the President a member of the Mississippi River Commission, and received a salary of $2,400 per annum from the date of his appointment until August 18, 1894; that on the 24th day of August, 1894, his salaiy was reduced by the Secretary of the Treasury to $1,600 per annum, the reduction taking effect from August 18, 1894.
His sórvice as a • commissioner of the Mississippi River Commission was continuous from the time of his appointment, June 10, 1890, to the date of his death, February 5, 1897.
*299 At the time of his appointment the decedent was an employee of the United States Coast and Geodetic Survey, at a salary of $2,400 per annum.
The salary received by the decedent during his service as such commissioner was paid by the Secretary of the Treasury as aforesaid, the decedent executing receipts for his salary at the rates mentioned, which expressed to be in full of the amount due him at the dates, respectively.
The claimant brought this suit to recover the difference between the salary first paid decedent and the salary paid from August 18, 1894, to the date of his death, to wit, February 5, 1897, making in the aggregate the sum of $1,968.80, upon the theory that the salary was by implication fixed by the provisions of the act establishing the Mississippi River Commission, andothat it was not within the power of the'Secretary of the Treasury to change it below the sum fixed by the legal effect of the provisions of the act, to wit, the sum of $2,400.
The defendants contend that the act under which the claimant was appointed one of the commissioners of the Mississippi River Commission did not fix the salary permanently at $2,400, the sum which the decedent was receiving when appointed; but that the salary was subject to be changed to meet the financial conditions of the Geodetic Survey, as it was changed by the Secretary of the Treasury when it was reduced from $2,400 to $1,600 per annum.
It is also insisted by the defendants that the decedent having received without objection his salary at the reduced rate the claimant is estopped by that act, and can not now recover the difference between the salary first paid and the salary subsequently paid.
The statute under which the decedent was appointed to the Mississippi River Commission is in part as follows:
“SeotioN 2. The President of the United States shall, by and with the advice and consent of the Senate, appoint seven commissioners, three of whom shall be selected from the Engineer Corps of the Army, one from the Coast and Geodetic Survey, and three from civil life, two of whom shall be civil engineers. And any vacancy which may occur in the. commission shall in like manner be filled by the President of the United States; and he shall designate one of the commis *300 sioners appointed from the Engineer Corps of the Army to be president of the commission. The commissioners appointed from the Engineer Corps of the Army and the Coast and Geodetic Survey shall receive no other pay or compensation than is now allowed them by law, and the other three commissioners shall receive as pay and compensation for their services each the sum of three thousand dollars per annum; and the commissioners appointed under this act shall remain in office subject to removal by the President of the United States.
* # * * -X-
“ Section 7. The Secretary of War is hereby authorized to expend the sum of one hundred and seventy-five thousand dollars, or so much thereof as may be necessary, for the payment of the salaries herein provided for, and of the necessaiy expenses incurred in the completion of such surveys as may now be in progress, and of such additional surveys, examinations, and investigations as may be deemed necessary, reporting the plans and estimates, and the plans, specifications, and estimates contemplated by this act, as herein provided for; and said sum is hereby appropriated for said purposes out of any money in the Treasury not otherwise appropriated.” (21 Stat. L., 37.)
The law provides for the appointment of seven commissioners by the President, with the advice and consent of the Senate, three of whom shall be taken from the Engineer Corps of the Army, one from the Coast and Geodetic Survey, and three from civil life, two of whom shall be civil engineers. It is provided that as to the members of the commission appointed from Army and the Coast and Geodetic Survey that “they shall receive nb other pay or compensation than is now allowed them by law.”
Under section 7 the Secretary of War is authorized to expend the sum of 1175,000, or so much of said sum as may be necessary, for the salaries provided for and the expenses in the completion of certain surveys.
The question was made as to the right of the Secretary of the Treasury to assume jurisdiction of the subject of the decedent’s salary after his appointment to the commission, upon the legal theory that it was the duty of the Secretary of War to pay the salaries of all the members of the commission.
As to whether it was the right and duty of the Secretary of War or the Secretary of the Treasury to pay the salary of the decedent is, as to the liability of the defendants in this pro *301 ceeding wholly immaterial, as what has been paid is either a full settlement of the claim or goes in diminution of the claimant’s demand on the defendants:
The only question is, what in law was the salary of the decedent from the 18th day of August, 1894, the time at which his salary was decreased, to the time of his death, February 5, 1897.
It is well settled, when a person is duly appointed to an office his right to the salary attached to the office follows as an incident, and if he is refused payment ho has a right to bring suit and recover whatever portion of salary is unpaid.
In the case of Dyer (20 C. Cls. R., 166) it is in substance held that a salary established by statute can neither be increased nor diminished by an executive officer. The prop-sition is too plain and manifest to need the citation of judicial authority in support of it.
It is said in substance in the case of Adams (20 C. Cls. E., llo), when a statute creates an office, prescribes its duties, and fixes its compensation the appointing power has no control over the compensation either to diminish or increase it. The appointment to the office, by the proper authority gives to the incumbent a vested right in whatever salary may be by law attached to the office.
• It is insisted as against the demand of the claimant to recover the alleged unpaid salary of the decedent, that he receipted in full without protest for his salary covering the period for which the claimant seeks by this suit to recover. To maintain this theory the defendant’s counsel cites the case of the United States v. Garlinger (169 U. S. R., 319). That case differs very much from the case at bar. That was a suit to recover extra pay upon the theory that service performed at night, as night inspector, entitled the claimant to extra pay, because he was not relieved thereafter from duty in consideration of having performed service during the whole of the night.
The court says : “ It is contended from these facts the law will imply a contract between the claimant and the United States whereby the former will be entitled to be paid for both watches as if they constituted two days’ service.”
I-n that case it was contended that by a regulation of the Secretary of the Treasury the plaintiff was entitled to recover *302 tbe additional pay for which he sued. In repy to such contention the court saj^s: “We are unable to accept the contention that it was competent for the Secretary of the Treasury, by passing regulations dividing a day’s service into two parts, to attach to each part the pay for a full day’s work. By the word day in section 2733 Congress evidently meant the calendar day, and the pui’pose of Congress in prescribing the pay of $3 for every day, and in forbidding any allowance or compensation for extra service, would be defeated if the regulation in question were to be construed as provided that a period of twenty-four hours might be so divided as to justify two or more payments to the same person of the amount fixed for the daily compensation.”
It is true, as quoted in the brief of the defendants, that the Supreme Court held that the claimant, by accepting compensation such as was paid him by the officer without protest, estopped himself from claiming after the performance of the service a larger amount of compensation, but in connection with the enunciation of the estoppel the court says: “We do not want to be understood as saying that the mere fact of receiving money in payment will estop a creditor.” It will be seen by an examination of the decision that one theory of the plaintiff’s claim was that an implied contract arose, but the court holds, in substance, that the conduct of the claimant and the defendants with reference to the receipt and payment of the money estopped the claimant from relying upon the theory that there was an implied contract. The court in substance held that it was not within the power of the Secretary of the Treasury to adopt the regulations, insisted on by claimants, as such regulations would be in violation of section 2733, Revised Statutes.
In the case of Adams this court has decided that a public officer may recover the lawful compensation of his office, notwithstanding he accepted a less amount and receipted in full therefor. The court said further in reference to the execution of a receipt by claimant: “We do not think he thereby relinquished his right to claim the further compensation allowed by law. If the appointing officer has no power to change the compensation of an inspector, certainly the paying officer has not. He had no right to exact such a receipt and the claimant lost nothing by signing it.” (Fisher’s Case, 15 *303 C. Cls., R., 323; Bostwick v. United States, 94 U. S. R., 53.)
The question as to the right of the claimant to recover turns upon the construction of the words of the statute: “The commissioners appointed from the Engineer Corps of the Army and the Coast and Geodetic Survey shall receive no other pay or compensation than is now allowed them by law.”
At the time of the appointment the decedent was receiving a salary at the rate of $2,400 per annum. That condition was assumed by the statute to be a reasonable compensation for the discharge of the duties of the new office by the person taken from the Coast and Geodetic Survey, and hence the statute provided that such persons should receive the compensation “ now allowed by law.”
The condition and extent of the decedent’s pay at the time of his appointment fixed the compensation per annum which he was to receive as a member of the commission, and not having received that amount he is entitled to recover the difference between what he was then receiving and what has been paid him, which is the sum of $1,968.80.