Barney, J.,
delivered the opinion of the court:
July 1, 1901, the claimant was appointed by the Postmaster-General as a stamping clerk in the Chicago post-office, at a salary of $600 per annum, and July 1, 1902, was promoted to a salary of $700 per annum. He served as such stamping clerk until December 23, 1902, when the Postmaster-General removed him from office because of failure to learn the scheme of distribution.
During such service, by an order of the Postmaster-General, he was fined in the sum of $5 at three different times, which said sums were deducted from the salary due him for the quarters during which such fines were imposed. It appears that these fines were imposed for failure to learn the scheme of distribution and for disobedience of orders. It does not appear that the claimant had any notice of hearing upon the imposition of such fines, but that they were simply withheld from the salary otherwise due him at the end of each quarter during which they were imposed, for the reasons above stated.
This suit is brought to recover the sum of $15, the same being the total of the fines so deducted from claimant’s salary.
It appears that for some years prior to 1898 it was the practice of the Postmaster-General, for incompetency in an employee not warranting a removal, to suspend him from service without pay for a limited time. About that year, however, this practice was changed and fines were imposed upon delinquent employees in the manner above set forth; *164 and Ibis practice is in accordance with a rule promulgated by the Post-Office Department and published in the Postal Laws and Regulations. ,
Section 161, Revised Statutes, is as follows:
“ The head of each department is authorized to prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining thereto.”
The act of March 2, 1889, chapter 374, section 1, among other things, provides:
“And that the Postmaster-General be, and he is hereby, authorized to classify and fix the salaries of the clerks and employees attached to the first-class post-offices, from and after July first, eighteen hundred and eighty-nine, as hereinafter provided.
“Provided, however, That the aggregate salaries as fixed by such classification shall not exceed the sum hereby appropriated, namely: * * *
“ Stampers and mail messengers, five classes, salary, graded in even hundreds of dollars, from four hundred dollars to not exceeding eight hundred dollars per annum.”
The rule before referred to and under which the fines were imposed and withheld from the claimant’s salary is paragraph 2 of section 299 of the Postal Laws and Regulations, and is as follows:
“ Where clerks or employees are guilty of delinquency or misconduct, report should be made to the First Assistant Postmaster-General (Division of Salaries and Allowances), with a statement of all the facts in the case and a recommendation for such action as the postmaster may deem necessary. In minor cases, not sufficient to warrant removal, but in which some punishment is necessary, postmasters will recommend a fine in even dollars and not to exceed ten dollars, as may be justified by the gravity of the offense, but such fine must not be imposed until authorized by the department. When a greater penalty is deemed necessary the department will authorize a reduction in the annual salary.”
The question before the court for decision is, Whether the statutes quoted, or any law of the United States, authorizes the Postmaster-General to impose fines and enforce their *165 collection as was done in tbis case? This court is reluctant to render a decision which will interfere with the established discipline of any of the departments of the Government, but when a case is presented to us we are compelled to decide the law as we believe it to be, regardless of the effect of such decision. We have no doubt that the rule of the Post-Office Department in question has hitherto always been so administered as to be of great benefit to the service, but that is always true of arbitrary power when in beneficent hands; and we can not believe that the Congress ever intended to place any such power in the hands of the head of any of the departments of the Government.
The statute above quoted gave the Postmaster-General authority to fix the salary of the claimant; but when fixed, as long as he was an incumbent of the office, so far as earned, it was his property with all the safeguards of any other property belonging to him, and by as good a tenure as that by which any other officer of the Government held the salary coming to him. At the end of each quarter there was a sum certain due him which was determined by the amount of his salary, and the right to which no power could take from him without due process of law. (Whiting v. United States, 35 C. Cls. R., 291; Dyer v. United States, 20 ibid., 166; Adams v. United States, 20 ibid., 115.) The salary when earned was a chose in action belonging to the claimant, and he could no more be lawfully deprived of it as in this case than he could be deprived of any other chose in action belonging to him. The Postmaster-General had the same right to fine him the whole of his salary as a part of it, and if that was not sufficient punishment, by the same right he could impose a fine exceeding the whole amount due him, and collect the excess from future installments.
It is urged that the claimant when he entered the service, did so with notice of this regulation regarding fines; but a regulation contrary to law is no regulation at all, and it is of no consequence whether the claimant had notice of it or not.
Judgment may be entered for the claimant for the sum of $15.