Barney, Judge,
delivered tbe opinion of tbe court:
This is a suit by a paymaster’s clerk in tbe Navy to recover a balance of pay claimed to be due him. Tbe facts are as follows: March 18,1911, tbe Secretary of tbe Navy addressed a letter to tbe claimant at Berkeley, Cal., where be then bved, informing him that be bad been nominated by Paymaster Crowell, United States Navy, for appointment as a paymaster’s clerk in the Navy for duty on board tbe U. S. S. Vermont, and directing him to report to the naval training station at San Francisco for physical examination, and informing him that if found qualified his apopintment as paymaster’s clerk in tbe Navy for duty on board tbe U. S. S. Vermont would take effect from tbe date of tbe execution of bis oath of office, and in that event ordering him to proceed to Hampton Roads, Va., or to such other port as tbe U. S. S. Vermont might be, and on April 15, 1911, to report to tbe senior officer of the United States Atlantic Fleet for duty on board that vessel
On receiving this letter tbe claimant reported to tbe commandant of the naval training station at San Francisco, passed tbe examination, and took the oath of office March 27, 1911. On tbe 30th of March following be left bis home for Washington, where be arrived April 4, and tbe next day reported in person to tbe Bureau of Navigation and also wrote to Paymaster Crowell at Philadelphia informing him of bis arrival in Washington. He was informed at tbe Bureau of Navigation that the Vermont was then engaged in target practice off tbe Virginia Capes and that when she would finish was uncertain, but that, if be would call on April 10 tbe information could probably be given him. He did call April 10 and was informed that tbe Vermont was than at Philadelphia, to which city he proceeded tbe next day and *195 reported to Paymaster Crowell, and on April 15 reported on board the Vermont. He has been paid at the rate of bis salary from April 15, 1911, and seven days additional allowed bim for time to travel from bis home. He now claims be should have been paid from March 27, 1911, the date of bis taking the oath of office, or 10 days additional.
The question then for decision in this case is on what date did the claimant enter the service so as to entitle him to pay. It is contended by the claimant that be is entitled to pay from March 27, 1911, the date when be took the oath of office, while it is contended by the defendants that be is only entitled to pay from April 15, 1911, the date when be was to report to Paymaster Crowell, allowing bim, however, seven days’ additional pay for the time necessary to perform the travel in order to report as directed.
The act of May 13, 1908, 35 Stat. L. 128, provides as follows:
“All paymasters’ clerks shall, while on duty, receive the same pay and allowances as warrant officers of like length of service in the Navy.”
This provision was amended by act of June 24, 1910, 36 Stat. L. 606, to read as follows:
“All paymasters’ clerks shall, while holding appointment in accordance with law, receive the same pay and allowances and have the same rights of retirement as warrant officers of like length of service in the Navy.”
By the Navy Regulations, 1909, it is provided as follows:
“1063. (1) The pay of an officer of the Navy upon his original entry into the service, except when he is required to give an official bond, shall begin upon the date of his taking the oath of office if his acceptance of the appointment bears the same or a prior date; or upon the date of acceptance if the latter bears a later date.”
It will be seen that the act of May 13,1908, limits the time during which paymasters’ clerks shall receive pay to the period when they shall be “on duty,” while the amendment by the act of June 24, 1910, provides that they shall be paid “while holding appointment according to law.” The simple question in this case then seems to be during what time can the claimant be said to have been holding his appoint *196 ment according to law. Section 1386 provides that certain classes of paymasters in the Navy shall be allowed clerks, but we know of no statutory provision as to their manner of appointment.
It was held in Mouat v. United States, 124 U. S. 303, that a paymaster’s clerk in the Navy was not an officer of the Navy within the meaning of the act of June 30, 1876, 19 Stat. 65, so as to' be entitled to the benefit of the mileage allowed by that act. But in Hendee v. United States, 124 U. S. 309, decided the same day, it was held that a paymaster’s clerk in the Navy was an officer within the meaning of the provisions in the act of March 3, 1883, 22 Stat. 473, respecting the longevity pay of officers and enlisted men in the Army and Navy. In the Mouat case it was said:
“It is obvious from the language of sec. 1378 that the Pay Corps is limited to officers commissioned by the President, and that clerks and others who are not so commissioned do not belong to the Pay Corps. The Naval Regulations of 1876, a copy of which is found in the brief of the appellant, as far as relates to this matter, provide very fully for these clerks, and the manner of their appointment, but nowhere is there any mention that it must be approved by the Secretary of the Navy; on the contrary, it is said that 'every officer entitled to a secretary or clerk may nominate him; but the appointment or discharge of a clerk by any officer not in command is subject to the approval ox the commanding officer.’
“From all this it is clear that neither by the regulations nor by the statutes nor by any constitutional provision is the present claimant an officer of the Navy.”
From this quotation it appears that during the time involved in that case paymasters’ clerks in the Navy were not appointed by the Secretary of the Navy, neither was his approval necessary upon their nomination by a paymaster. During the time involved in the case at bar the Navy Regulations provided for their appointment by the Secretary of the Navy. Paragraph 1619 of the Navy Regulations for 1909 provides that: “Clerks to pay officers of ships and principal clerks to pay officers at shore stations, except in general storekeeper’s offices, will be appointed by the Secretary of the Navy upon the nomination of pay officers.”
When a person is elected or appointed to a public office he is usually required by law to do some act preparatory to *197 assuming its duties, as well as to signify its acceptance, and this is usually termed qualification. Meacham’s Public Offices and Officers, secs. 253, 254. When this is done he is invested with the office and, in the absence of any rule or regulation to the contrary, is entitled to its emoluments. It was said by this court, through Judge Weldon, in Whiting v. United States, 35 C. Cls. 291, 301, “It is well settled when a person is duly appointed to an office his right to the salary attached to the office follows as an incident.”
' The Secretary of the Navy, in his letter appointing the claimant, said: “Your appointment as a paymaster’s clerk in the U. S. Navy for duty on board the U. S. S. Vermont will take effect from the date of the execution of your oath of office.” This was notice to the claimant when his duty and liability to orders began, and perhaps would have brought him within the act of March 13, 1908, supra, but taken in connection with the act of June 24, 1910, supra, and paragraph 1063, Navy Regulations, 1909, supra, leaves no doubt as to when his right to pay began.
It follows from the foregoing that the claimant was entitled to receive his salary from March 27, 1911, and judgment in his favor in the sum of $61.11 is ordered.