Campbell, Chief Justice,
delivered the opinion of the court:
The plaintiff was a paymaster’s clerk in the Navy at the time of the enactment of the act of March 3, 1915, 38 Stats., 942. On the 3d day of March, 1915, he had had more than six years’ service as paymaster’s clerk. In June, 1915, he was ordered for the examination prescribed by said act, which provides that no person should be “ appointed a chief pay clerk, pay clerk, or acting pay clerk under any provision contained in this act until his physical, mental, and professional qualifications have been satisfactorily established by examination before a board of examining officers ” selected as directed in the act. He passed the examination satisfactorily prior to July 1,1915, and was appointed by the President chief pay clerk in the Navy by commission dated August 3, 1915. He executed the oath of office on August 23, 1915. *43 The appointment was a recess appointment, and plaintiff’s nomination to the Senate was confirmed in January, 1916, but that fact is not material to the issues in this case.
The plaintiff claims that he is entitled to pay and allowances of chief pay clerk in the Navy from the date stated in his commission by virtue of the act of March 4, 1913, 37 Stats., 892), which provides: “That all officers of the Navy who since the 3d day of March, 1899, have been advanced or may hereafter be advanced in grade or rank pursuant to law shall be allowed the pay and allowances of the higher grade or rank from the dates stated in their commissions.”
The position of paymaster’s clerk was authorized by Revised Statutes, sections 1386 et seq. Under these statutes and the regulations of the Navy, the paymasters’ clerks had been appointed by the Secretary of the Navy upon the nomination of the paymaster. When duly appointed they became, as their designation implies, clerks to the paymasters who nominated them. By the Navy Regulations they were subject to the rules and regulations of the Navy as other officers were. Their duties were defined and their status was fixed by the regulations. They were not attached to any grade in the Navy nor were they warrant or commissioned officers, but by the act of June 24, 1910, 36 Stats., 606, they became entitled to the same pay and allowances with the same rights of retirement as warrant officers of like length of service in the Navy. The tenure of a paymaster’s clerk was of uncertain duration, his appointment being revocable when the pay officer under whom he was serving was ordered to some duty where he was not entitled to a clerk. The Senate committee reporting the bill which eventuated in the act of March 3,1915, said that the primary object of the bill was to assure permanency of tenure to “ efficient pay clerks in the naval service.” That act (38 Stats., 942) provides:
“ The title of paymaster’s clerk in the United States Navy is hereby changed to pay clerk, and hereafter all pay clerks shall be warranted from acting pay clerks, who shall be appointed from enlisted men in the Navy holding acting or permanent appointments as chief petty officers who have served at least three years as enlisted men, at least two years of which service must have been on board a cruising vessel of the Navy. All appointments as acting pay clerks shall *44 be made by the Secretary of the Navy, and all 'such appointees, in addition to the qualifications above set forth, must be citizens of the United States. All acting appointments herein provided for shall be made permanent under regulations established by the Secretary of the Navy: Provided, That paymasters’ clerks now in the Navy whose total service as such is less than one year and who are citizens of the United States may, upon the passage of this act, be given appointments as acting pay clerks without previous service as enlisted men: Provided further, That paymasters’ clerks now in the service and former paymasters’ clerks whose appointments have been revoked within six months next preceding the passage of this act, who have had not less than one year’s actual service as such, and who are citizens of the United States, may, upon the passage of this act, be warranted as pay clerks without previous service as enlisted men or as acting pay clerks: And provided further, That pay clerks and acting pay clerks shall have the same pay, allowances, and other benefits as are now or may hereafter be allowed other warrant officers and acting warrant officers, respectively.
“ That all pay clerks shall, after six years’ service as such, be commissioned chief pay clerks and. shall on promotion have the rank, pay, and allowances of chief boatswain: Provided, That in computing the six years’ service herein provided for credit shall be given for all service in the Navy as pay clerk, acting pay clerk, and paymaster’s clerk: Provided further, That paymasters’ clerks now in the Navy and former paymasters’ clerks whose appointments have been revoked within six months next preceding the passage of this act, who have had not less than six years’ actual service as such, and who are citizens of the United States, may, upon the passage of this act, be commissioned as chief pay clerks without previous service as enlisted men, acting pay clerks, or pay clerks.
“ That the total number of chief pay clerks, pay clerks, and acting pay clerks allowed by this act shall not exceed one for each 250 enlisted men in the United States Navy now or hereafter allowed by law, and such chief pay clerks, pay clerks, and acting pay clerks shall be assigned to duty with pay officers under such rules as the Secretary of the Navy may prescribe: Provided, That no person shall be appointed a chief pay clerk, pay clerk, or acting pay clerk under any provisions contained in this act until his physical, mental, moral, and professional qualifications have been satisfactorily established by examination before a board of examining officers appointed by the Secretary of the Navy, from *45 officers of the pay corps when practicable, and according to such regulations as he may prescribe: Provided further, That no person shall be appointed a chief pay clerk, pay clerk, or acting pay clerk unless his accumulated previous service in the Army, Navy, and Marine Corps, together with his possible future'service prior to attaining the age of 62 years, will amount to at least 30 years, except that this proviso shall not apply to such persons as were serving in the Navy as paymasters’ clerk during the period from September 1,1913, to October 31,1913.
“ That the limitation as to age contained in Section 1379 of the Revised Statutes of the United States, relating to appointment of assistant paymasters in the United States Navy, shall not apply to chief pay clerks and pay clerks appointed under the provisions of this act, who must be between the ages of 21 and 35 years at the time of appointment as assistant paymasters in the United States Navy: Provided, That-this shall not be construed as giving any preference in said appointment of assistant paymasters to said chief pay clerks and pay clerks except as to the limitation of age.
“That sections 1386, 1387, and 1388 of the Revised Statutes, and all acts and parts of acts, so far as they are in conflict with the provisions of this act, be and the same are hereby repealed.”
Whatever the object of the act, it is plain that it radically changed the method theretofore existing for the selection of paymasters’ clerks and inaugurated a system designed to be complete in itself for the creation and selection of acting pay clerks, pay clerks, and chief pay clerks. Departing entirely from the then prevalent system of allowing the selection of paymasters’ clerks by the paymasters themselves, and expressly repealing the statutes under which such selections had been made, the act formulates a distinct plan and provides that the chief pay clerks, pay clerks, and acting pay clerks provided for “shall be assigned to duty with pay officers under such rules as the Secretary of the Navy may prescribe.”
A noticeable departure from the prior system of appointment is found in the provisions requiring the appointment of acting pay clerks “ from enlisted men in the Navy holding acting or permanent appointments as chief petty officers who have served at least three years as enlisted men, at least *46 two years of which service must have been on board a cruising vessel of the Navy.” The act therefore purports to make “ enlisted men ” in the Navy the basis upon which the new corps may eventually rest. Their eligibility to selection is of course controlled by its provisions. The new corps is limited in number, and when its provisions will operate upon enlisted men is immaterial to our inquiry. We call attention to the fact that the plan contemplates that the several constituents of the corps are to be drawn from enlisted men as an additional reason for the holding that the act does not mean that by a mere change of title paymasters’ clerks were constituted pay clerks as the latter expression is used in the act. The question here involves claims of pay clerks who were serving as paymasters’ clerks when the act was passed, and those, as well as “former paymasters’ clerks,” could under provisos in the act be appointed or warranted or commissioned to positions in the new corps. The total number of acting pay clerks, pay clerks, and chief pay clerks is limited by the provision that the total authorized number “shall not exceed one for each two hundred and fifty enlisted men in the United States Navy now or hereafter allowed by law.”
It is apparent from said act that it creates a new corps in the Navy of limited number, and it prescribes that “pay clerks and acting pay clerks shall have the same pay, allowances, and other benefits as are now or may hereafter be allowed other warrant officers and acting warrant officers, respectively,” and that chief pay clerks “ shall on promotion have the rank, pay, and allowances of chief boatswain.”
The pay clerks contemplated b-y the act are to be warranted from the acting pay clerks appointed from enlisted men, as stated, including those who may have been warranted from specified paymasters’ clerks, under the proviso in the act, and such pay clerks after six years’ service as such are to be commissioned as chief pay clerks. All appointments of acting pay clerks are to be made by the Secretary of the Navy. The gradations in the new corps are therefore acting pay clerks, pay clerks, and chief pay clerks, and we have given an outline of the statutory method of their appointment. *47 The act provides that “ hereafter all pay clerks shall be warranted from acting pay clerks,” and “ all pay clerks shall after sis years’ service as such be commissioned chief pay clerks.” Pay clerks thus become warrant officers in the Navy, and chief pay clerks are commissioned.
An erroneous deduction suggested in behalf of plaintiff is that paymasters’ clerks in the Navy when the act was passed are to be treated as " pay clerks ” under the statute. Such is not the case. The act provides that “the title of paymaster’s clerk in the United States Navy is hereby changed to pay clerk,” but that is very far short of declaring that paymasters’ clerks then in the Navy should become by force of the statute itself pay clerks. The statute does not in terms vacate the positions held at the date of its enactment by paymasters’ clerks, but it is clear that all paymasters’ clerks then in the service were not constituted the pay clerks contemplated by the act. Careful provision is made for their appointment as acting pay clerks, pay clerks, and chief pay clerks, respectively, but executive action was necessary to secure a right to the several positions. Though the statute changes the title of paymaster’s clerks to pay clerks, it proceeds to authorize some paymasters’ clerks then in the service and of limited service as such to be appointed acting pay clerks, others of longer service to be warranted as pay clerks, and yet others of still longer service to be commissioned as chief pay clerks. Not only so, but the act authorizes former paymasters’ clerks whose appointments had been “revoked within six months next preceding the passage” of the act to be warranted as pay clerks, and makes similar provision relative to some former paymasters’ clerks being commissioned as chief pay clerks. Plainly, therefore, the change of title alone did not create a right to either of the positions established by the act, and the fact that a man was paymaster’s clerk was not alone sufficient to constitute him a pay clerk under the statute. Authority to constitute him an acting pay clerk or a pay clerk or a chief pay clerk was indeed conferred, but authority to appoint must have been exercised and followed by the Secretary or by the President before a paymaster’s clerk could be a pay clerk, and the ap *48 pointment could only be made subject to the required examination as to his qualifications. It may be added that while the act appears to contemplate that appointments would be made from paymasters’ clerks serving as such in the Navy and certain former paymasters’ clerks, it does not in terms require that it shall be done. The provision for their appointment as pay clerks and the requirement of examination as to their qualifications are sufficient to show that paymasters’ clerks serving as such when the act was passed did not become pay clerks by force of the statute or by mere change of title or before being duly qualified and appointed. The duties devolving upon paymasters’ clerks must need be performed, and it was essential that provision be made therefor until the new system could produce the acting pay clerks and pay clerks. It was accordingly provided that paymasters’ clerks then serving as such “ whose total service as such is less than one year ” could, upon the passage of the act, be given appointments as acting pay clerks “ without previous service as enlisted men,” and further, that paymasters’ clerks then in the service and certain former paymasters’ clerks “ who have had not less than one year’s actual service as such” could upon the passage of the act “be warranted as pay clerks without previous service as enlisted men or as acting pay clerks.” Following the authority so given by the act, some paymasters’ clerks could be appointed acting pay clerks and others could be warranted as pay clerks s^d come under their new title within the provisions of the act.
Turning now to the plaintiff’s contention, it is that because he was commissioned in August, 1915, chief pay clerk, having, on March 3, 1915, had at least six years’ service as paymaster’s clerk, he is entitled to the pay and allowances of the rank of chief boatswain from July 1, 1915, the latter being the date of his rank stated in the commission. This case does not turn upon any consideration of the fact that plaintiff’s date of rank is stated in the commission to be prior to the date of his actual induction into office. We had occasion to consider the phrase “ pursuant to law ” in the Toulon case, 51 C. Cls., 87. The broad question is whether the act of March 4, 1913, has any application here regard *49 less of what date was stated in the commission. He predicates his claim upon the insistence that being commissioned chief pay clerk he was thereby “ advanced in grade or rank pursuant to law ” within the meaning of the act of March 4, 1913. We can not yield assent to that contention. He was commissioned chief pay clerk under the proviso in the act of 1915 authorizing paymasters’ clerks in the Navy, as well as certain former paymasters’ clerks who had had not less than six years’ actual service as such, to be commissioned “as chief pay clerks without previous service as enlisted men, acting pay clerks, of pay clerks.” He had not been warranted as pay clerk, nor was he at the date of his appointment or commission a pay clerk within the meaning of the act of 1915. He could be and was commissioned as chief pay clerk because of his service of not less than six years as paymaster’s clerk, and without regard to whether he had served as an enlisted man or not, and without regard to whether he was a pay clerk or not. To again call attention to the statute, it provides (1) that paymasters’ clerks serving in the Navy when said act was passed whose total service as such was less than one year could be appointed acting pay clerks; (2) that paymasters’ clerks serving at said time whose actual service exceeded one year could be warranted as pay clerks; and (3) that paymasters’ clerks serving at said time whose actual services as such was not less than six years could be commissioned as chief-pay clerks, and in each of the three mentioned instances the appointments could be made without regard to previous service as enlisted men. The right to warrant paymasters’ clerks as pay clerks and to commission paymasters’ clerks of six years’ service as chief pay clerks is not by the statute confined to paymasters’ clerks then in the service, but applies as well in the respective cases to “ former paymasters’ clerks whose appointments have been revoked within six months next preceding the passage ” of the act. The language of the provisos in each case is “ may, upon the passage of this act,” be given appointments as acting pay clerks or be warranted as pay clerks or be commissioned as chief pay clerks. While, therefore, the appointments mentioned were left in a large *50 degree discretionary, the provision in the act relative to pay clerks being commissioned after sis years’ service as chief pay clerks is a positive direction, subject, of course, to examination and certain other.provisions in the statute.
The act provides: “That all pay clerks shall after six years’ service as such be commissioned chief pay clerks,” and a rule for computing that six years’ service is stated. The pay clerks there contemplated are not paymasters’ clerks as such, of paymasters’ clerks with a mere change of title, but they are pay clerks who shall have been or may be warranted from acting pay clerks or who shall have been warranted, under the said provisos authorizing it, in the cases of paymasters’ clerks of less than one year’s service, or paymasters’ clerks of more than one year’s actual service, or former paymasters’ clerks whose appointments had been revoked within six months next preceding the passage of the act. If the above-quoted provision relative to all pay clerks being commissioned after six years’ service as such be referred to paymasters’ clerks then in the Navy the subsequent proviso which authorizes paymasters’ clerks of six years’ service to be commissioned as pay clerks would be surplusage. We would have in that view a positive requirement that all paymasters’ clerks after six years’ service as such be commissioned as chief pay clerks followed by a proviso that certain paymasters’ clerks after six years’ service may be commissioned as chief pay clerks. But the two provisions are not inconsistent. Each means what it says. One of them refers to and contemplates pay clerks who shall have become such by being warranted in accordance with the terms of the act, and the other clause refers to and contemplates paymasters’ clerks who are not and may never have been pay clerks at all in the sense of the statute.
The learned counsel for plaintiif lays emphasis on the language “that all pay clerks shall after six years’ service as such be commissioned chief pay clerks and shall on promotion have the rank, pay, and allowances of chief boatswain,” and inferentially at least he insists that said provision applies to paymasters’ clerks then in the Navy as such who had had six years’ service. We agree that “ paymasters’ *51 clerks were entitled to be made pay clerks ‘ upon the passage of this act,’” if by “entitled” is meant that paymasters’ clerks could be warranted as pay clerks in the manner indicated by the statute. There is no peremptory injunction that they shall be so warranted, and unless they have been warranted as pay clerks they are not pay clerks in the statutory sense. The provision above quoted and emphasized by counsel does not apply to paymasters’ clerks who are not and have never been warranted as pay clerks. We therefore do not assent to the proposition that the advancement of a paymaster’s clerk to the grade of a chief pay clerk was equivalent to the advancement of a pay clerk, unless the proposition presupposes that the paymaster’s clerk had been warranted as a pay clerk in the sense we have mentioned. In our view, the phrase “ pay clerks ” in said connection refers to those who have been warranted as such. The plaintiff was properly commissioned under the authority of the proviso in the act and not because he was a pay clerk with six years’ service as such. We confess that there may be obscurity in the clause providing for computing the six years’ service required of pay clerks before they can be commissioned chief pay clerks. It directs that credit shall be given “ for all service in the Navy as pay clerk, acting pay clerk, and paymaster’s clerk.” If it means that the length of service as paymaster’s clerk before his appointment as acting pay clerk or before he is warranted as pay clerk shall be added to his service as pay clerk and in addition that his service as acting pay clerk may be credited and the sum be taken in ascertaining the required length of service the question may not be so doubtful. It may apply to a paymaster’s clerk whose length of service is less than six years. But whether a paymaster’s clerk who has served not less than six years as such and is otherwise qualified may be warranted as pay clerk and become by force of the said credit immediately eligible to promotion to chief pay clerk is not so clear. The question is not material here because plaintiff was not warranted as pay clerk, and never having been a pay clerk in the statutory sense of the term, he was not advanced in grade or rank pursuant to law within the meaning of the act of 1918.
*52 In this connection it is urged that the Smith case, 50 C. Cls., 244, “ is strictly on all fours ” with the instant case. Wo fail to see its application. Smith was a warrant machinist; the statute changed the title to machinist, and provided that a machinist who had sis years’ service as such should be commissioned chief machinist with a defined rank which was a higher one. He was commissioned accordingly because he had served six years. The statute in terms referred to the matter as a promotion. The court held that he was advanced in grade or rank pursuant to law. So far from that ruling being inconsistent with the present holding it emphasizes the distinction between the two cases. Smith was a warrant officer and had a grade or rank in the Navy. Upon promotion he was advanced in grade or rank. He had, so to speak, a status to start with, and to be “ advanced in grade or rank” necessarily implies some grade or rank from which the advancement is made to the higher grade or rank. It involves some sort of sequence. The appointment of plaintiff to a newly created office was no more an advancement in grade or rank than the appointment of a former paymaster’s clerk with the requisite qualifications who could also have been commissioned as chief pay clerk would have been an advancement in grade or rank. In either case the appointment would have been that of one outside of the newly created corps and one who had no grade or rank as warrant or commissioned officer. In that case there would not be an advancement in grade or rank to another higher grade or rank. He was an outsider, so to speak, appointed and commissioned to a newly made office. If a new office was created by the act considered in the Smith case, it was a higher office in the same corps or grade. Smith was a warrant machinist and the title of his office was changed to machinist, but he was not required to be again appointed or to undergo examination for the position of machinist. Paymasters’ clerks could only become pay clerks by appointment, and after passing examination. Smith was a warrant officer with grade and rank from which he could be “ advanced in grade or rank.” The plaintiff was not a warrant officer and the pay clerks who “ shall be commissioned chief pay clerks ” under the act of 1915 are those who shall have been or may *53 be warranted as pay clerks under the terms of that act. The plaintiff was not commissioned as chief pay clerk because of having.been a pay clerk, for he was not such, but he was commissioned as chief pay clerk because the proviso in the act authorized his appointment and commission when he had been a paymaster’s clerk for not less than six years. The facts do not bring plaintiff within the ruling of the Smith case.
We can not hold that plaintiff is entitled to the pay and allowances of chief pay clerk from the-date stated in his commission. We agree with the ruling of the comptroller in that regard.
It follows that the plaintiff's petition should be dismissed, and it is so ordered.
All the judges concur.