Hay, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
The plaintiff in this case claims that by virtue of section 16 of the act of June 3, 1916, 39 Stat., 176 he is entitled to pay as captain from the date of said act notwithstanding the fact that he was not appointed to the rank of captain under that act until the 22d day of March, 1917.
The provisions of section 16 of said act are as follows:
“ Sec. 16. The President is hereby authorized, by and with the advice and consent of the Senate, to appoint veterinarians and assistant veterinarians in the Army, not to exceed, including- veterinarians now in service, two such officers for each regiment of Cavalry, one for every three batteries of Field Artillery, one for each mounted battalion of Engineers, seventeen as inspectors of horses and mules and as veterinariáns in the Quartermaster Corps, and seven as inspectors of meats for the Quartermaster Corps; and said veterinarians and assistant veterinarians shall be citizens of the United States and shall constitute the Veterinary Corps and shall be a part of the Medical Department of the Army-.
“ Hereafter a candidate for appointment as assistant veterinarian must be a citizen of the United States, between the ages of twenty-one and twenty-seven years, a graduate of a recognized veterinary college or university, and shall not be appointed until he shall have passed a satisfactory examination as to character, physical condition, general education, and professional qualifications.
“An assistant veterinarian appointed under this act shall, for the first five years of service as such, have the rank, pay, and allowances of second lieutenant; that after five years of service he shall have the rank, pay, and allowances of first lieutenant; that after fifteen years of service he shall be promoted to be a veterinarian with the rank, pay, and allowances of captain, and that after twenty years’ service he shall have the rank, pay, and allowances of a major: Provided, That any assistant veterinarian, in order to be promoted as hereinbefore provided, must first pass a satisfactory examination, under such rules as the President may prescribe, as to professional qualifications and adaptability for the military service; and if such assistant veterinarian shall be found deficient at such examination he shall be discharged from the Army with one year’s pay.
“ The veterinarians of Cavalry and Field Artillery now in the Army, together with such veterinarians of the Quarter *182 master Corps as are now employed in said corps, who at the date of the approval of this act shall have had less than five years’ governmental service, may be appointed in the Veterinary Corps as assistant veterinarians with the rank, pay, and allowances of second lieutenant; those who shall have had over five years of such service may be appointed in said corps as assistant veterinarians with the rank, pay, and allowances of first lieutenant; and those who shall have had over 15 years of such service may be appointed in said corps as veterinarians with rank, pay, and allowances of captain: Provided, That no such appointment of any veterinarian shall be made unless he shall first pass satisfactorily a practical professional and physical examination as to his fitness for the military service: Provided further, That veterinarians now in the Army or in the employ of the Quartermaster Corps who shall fail to pass the prescribed examination because of physical disability incident to the service and sufficient to prevent them from the performance of duty valuable to the Government shall be placed upon the retired list of the Army with 75 per centum of the pay to which they would have been entitled if appointed in the Veterinary Corps as hereinbefore prescribed.”
The provisions of this act do not provide for the promo-motion of any of the persons who were then in the Army; they merely rendered such persons eligible for appointment to an office created by the act. If such persons fulfilled the requirements which the act prescribed they could be appointed. Thus the plaintiff was appointed to the newly created office of captain after he had passed the required examinations, and because of his previous governmental service of 15 years. It was clearly a case of an original appointment under the provisions of the act of June 8, 1916. Being such an appointment he was not entitled to receive the pay and allowances of the office until he had executed the oath of office. There is nothing in the terms of the act which justifies the contention that the law intended that an appointee under it should take rank and have pay from the date of the act.
It will be observed that under the terms of the act the President is authorized to appoint veterinarians and assistant veterinarians in the Army. Nothing in the act refers to promotion. There was. nobody to promote. New offices were being created, original appointments were to be made, *183 and authority was granted to appoint, not to promote, certain persons who had rendered certain services for a specified length of time. See Seifert v. United States, 52 C. Cls., 40. The petition must be dismissed.
Graham, Judge, Downey, Judge, Booth, Judge, and «Campbell, Chief Justice, concur.