Graham, Judge,
delivered the opinion of the court.
This is a claim for the transportation on Government bill of lading at certain periods during the years of 1917, 1918, and 1919, of horses or mounts of officers of the Army which were the private property of these officers. The plaintiff presented a claim for payment on the basis of commercial rates. The accounting officers allowed it payment only on the basis of land-grant rates. The facts as to the points of shipment and delivery have not been shown. In the oral argument it seemed to be assumed that the shipment was from one Army station to another. For present purposes it will be assumed that these were the facts.
It is the province of Congress to prescribe the powers and authority of the head of a department, and his actions whether in the form of regulation or practice are only legal when they embody the exercise of power and authority so given, either specifically or by implication. It is the province of Congress to appropriate money, and the head of a department can not legally expend money or enter into contracts creating liability on the part of the Government for its expenditure without authority from Congress so to do. When a contract has been entered into incurring a liability on the part of the Government, it devolves upon the party asserting the claim to show the necessary authority in the head of the department making the contract, and such authority must be clearly shown and not rest in doubt or uncertainty.
It is fundamental that the power to incur liability or to expend money by officers of the Government must be given by law. An officer of the Government can not by promulgating a regulation or creating a practice in his department incur liability or take money out of the Treasury for the expenditure of which there has been no appropriation.
No authority in the Secretary of War to expend money or create a liability for the transportation of private mounts of officers has been shown in this case, nor has any been found.
The plaintiff in its supplemental brief states:
“ There never has been and is not now any dispute as to the ownership of the horses carried by this claim. They *344 were the private property of certain officers of the Army and in no sense property of the United States. Whatever conclusion may be forced or reached, must be upon this undisputed and admitted fact.”
Being private property “ and in no sense property of the United States,” there must be some specific authority of law shown to render the Government liable for the expense of the transportation. The plaintiff relies upon the practice of the War Department and the accounting officers through a series of years of authorizing the transportation of privately owned mounts under the authority of‘section 220, of the Revised Statutes, which is as follows:
“ The transportation of troops, munitions of war, equipments, military property, and stores throughout the United States shall be under the immediate control and supervision of the Secretary of War and such agents as he may appoint.”
This provision of the statutes plainly was intended to confer only administrative power. It does not authorize the Secretary of War to incur liabilities on behalf of the Government not authorized by law or to spend money for which there has been no appropriation. It does not authorize him to take money out of the Treasury in any connection that he may see fit. If it did authorize him to do these things his authority is clearly limited to Government property. It is admitted in this case that these mounts were “ in no sense property of the United States.”
Assuming that the construction given to- this act by the Secretary of War, and the practice of the War Department thereunder and the alleged recognition of this practice by Congress, would be justification for the payment for this service, that practice, it must be conceded, was based upon payment at land-grant rates. It does not appear anywhere that it was upon any other than land-grant rates, and upon this basis the plaintiff has already been paid all that it could legally demand.
This case was remanded for reargument upon the following questions propounded by the court':
“(1) What authority of law is there for the transportation of officers’ private mounts at Government expense?
*345 “(2) If the appropriation for 4 transportation of the Army and its supplies,’ the long-continued construction thereof by the War Department and the accounting officers, and recognition of that construction by Congress is relied on, is not the application of land-grant rates required?
“(3) Can officers’ private mounts be construed to be the property of the Army for the purpose of fixing Government liability and as private property for the purpose of determining the amount of the liability?
“ (4) If the theory that officers’ mounts are private property is adopted, will the conclusion be forced that there is no authority of law for their transportation at Government expense? ”
The reargument has furnished no satisfactory reply to the conclusion suggested by these questions.
The principle involved in this case was decided by this court in the case of Illinois Central R. R. Co. v. United States, 52 C. Cls. 53, 57, in which this court, in substance, held as follows:
In the case of the shipment of an officer’s mount, which was the property of an officer required to be mounted, transferred from any Army station to the residence of the officer, in the absence of any statute authorizing the payment for the transportation of horses which are the property of officers of the Army and not the property of the United States, and in the absence of any provision in the appropriation acts, the Secretary of War can not, by the promulgation of a regulation, bind the Government for the payment of the transportation of horses which are the private property of Army officers.
While this case is decided on the foregoing conclusions, it is proper to call- attention to the fact that the facts contained in this case only show a shipment of private mounts of officers on Government bills of lading. There is nothing to show the circumstances of any particular shipment, whether from station to station, or otherwise. The case was verbally argued upon the basis that the shipments were from station to station.
■ It follows from the foregoing that the petition should be, and it is hereby, dismissed. It is so ordered.
Hat, Judge; DowNev, Judge; Booth, Judge; and Campbell, Chief Justice, concur.