Downey, Judge,
delivered the opinion of the court:
The plaintiff seeks to recover amounts deducted on account of land grant from bills rendered for transportation of Army officers’ effects, household goods, etc., on change of station, and one item for the transportation on change of *648 station of an officer’s authorized mounts. The bills were rendered at commercial rates and the settlements at land-grant rates were protested in writing.
The property involved was in all instances the property of the individual and not of the United States, and it is now to be regarded as settled that such property is not in any sense to be regarded as property of the United States for transportation purposes within the provisions of the land-grant acts.
Regulations of the War Department have for many years provided for the transportation at Government expense of an Army officer’s personal effects on change of station, the amount in pounds being related to the rank of the officer, and likewise regulations have provided for the transportation on change of station of a mounted officer’s authorized mounts, the number for which, according to rank, the Government furnishes forage.
Assuming it to be determined that such property is not entitled to transportation at land-grant rates as Government property, the remaining contention is that, although its transportation at Government expense is authorized by regulation, there is no authority of law for the regulations, and that regulations without authority of law can not impose an obligation on the Government. Summarizing, the defendant says that the court is asked to decide that privately owned household goods are the property of the United States for the purpose of fixing Government liability and privately owned by Army officers for the purpose of fixing the amount of the liability.
This latter contention has an element of fallacy in it. Primarily it may be said that the liability of the Government for the transportation of property is limited to the transportation of its own property, but it does not follow that it may not obligate itself for the transportation of other property. And in the service of an Army officer is found abundant reason for doing so.
An Army officer has no fixed station such as is usually the case with civilians. He is subject to orders and must move when directed. Family ties appeal to him as to other men, the maintenance of a home means household goods, and when *649 the needs of the service demand his transfer to another station it is but natural to say that, if he be not assigned to furnished quarters, his goods must go with him to his new station. His mounts, such as he must needs use in the performance of his duties, must also accompany him, and all the circumstances but tend to furnish reasons why the Government should in these cases assume an obligation as to the transportation of property not its own.
The prevalence of the practice for so many years under the authority of published and widely promulgated regulations has come to be so much a matter of common knowledge with all having to do with Army affairs that it is almost inconceivable that Congress, legislating each year for the support of the Army, could have been ignorant of the situation or otherwise than of an approving mind. For many years the accounting officers, having to do with the settlement of claims for such transportation have recognized, indeed have not questioned, the liability of the Government. Their contention has been that this class of property when transported on Government bills of lading at the expense of the Government, was quasi public property and entitled to be transported at land-grant rates.
It is not intended by these observances to hold or even suggest that the circumstances mentioned can give validity to regulations imposing a liability on the United States. They serve simply to throw some light on legislation to be cited.
As to an officer’s household goods, there is found in the Army appropriation acts under the subhead “Transportation of the Army and its supplies ” among the purposes for which that appropriation is made the words, referring to baggage, “ including the cost of packing and crating,” a duty performed by the shipping officer of the Quartermaster’s Corps as the first step in the transportation of the goods from one station to another, and, immediately following this language there is found in the act of March 23, 1910, 36 Stat. 255, a proviso “ That hereafter baggage in excess of regulation change of station allowances may be shipped with such allowances and reimbursement collected for transportation charges on such excess.”
*650 The “ regulation change of station allowances ” could refer only to the allowances, graded according to rank, which were provided for in the regulations of the War Department as the allowances or weights which would be transported at the expense of the Government; and the provision for the collection of reimbursement, from the officer, of course, of the charges on the excess leaves no room for doubt as to the assumed obligation of the Government to pay.
Following, in the same act and under the same subhead, it is provided that “hereafter transportation may be furnished for the owned horses of an officer, not exceeding the number authorized by law, from point of purchase to his station, when he would have been entitled to and did not have his authorized number of owned horses shipped upon his last change of station and when the cost of shipment does not exceed that from his old to his new station.”
And in the later act of April 27, 1914, 38 Stat. 365, is found practically the same provision with reference to excess mounts, and subject to the same interpretation, as was written in the former act with reference to excess baggage. It was therein provided, “ That hereafter private mounts of officers in excess of the authorized mounts may be shipped on Government bills of lading with authorized mounts and reimbursement collected for the transportation of such excess mounts.”
In the case of Illinois Central R. R. Co. v. United States, 52 C. Cls. 52, the transportation of the officers’ mounts was not on change of station, and in Atchison, Topeka & Santa Fe Ry. Co. v. United States, 55 C. Cls. 339, it did not appear that the transportation was on change of station.
Since the Government had lawfully undertaken to furnish the transportation and the property transported was not property of the United States, there was, obligation to pay without right to land-grant deduction, and we have therefore directed judgment for the plaintiff in the sum of $518.18.
Graham,. Jndge; Hay, Judge; Booth, Judge; and Campbell, Chief Justice, concur.