Gkaham, Judge,
delivered the opinion of the court:
This is a case of an Army field clerk who apparently complied with the requirements and tests of the War Department for appointment to such position, and was appointed on August 20, 1917, accepted said appointment, and took the prescribed oath of office on August 23, 1917, when he was assigned to duty at Camp Lewis. He was not personally notified of this assignment to Camp Lewis, but an order seems to have been issued by some one in authority directing-that he should be picked up at his home and taken to that camp. This order was not complied with by those to whom it was given, nor was it known to the plaintiff, and did not become known to him until he reported at San Francisco-for active duty under the assignment of March 30, 1918. He has received no pay or allowances for the period between the date of his qualification for the position and assignment to Camp Lewis on August 23, 1917, and April 1, 1918,. when he entered upon the discharge of his duties under the assignment of March 30, 1918. He is claiming here his pay *439 for this period at the rate of $100 a month and commutation for quarters and for light and heat. During the period mentioned he resided with his wife in Portland, and repeatedly communicated with the War Department asking-instructions and assignment to duty, but he received no responses to these communications.
The act of July 9, 1918, 40 Stat. 853, provides as follows r
“ That during the present emergency Army field clerks shall have the same allowances and benefits as heretofore-allowed by law to pay clerks, Quartermaster Corps, not including retirement: Provided, however, That the minimum, or entrance pay, exclusive of said allowances, of said Army-field clerks shall be $1,200 per annum.”
The act of August 29, 1916, 39 Stat. 625, provides :■
“Hereafter headquarters clerics shall be known as Army field clerks and shall receive pay at the rates herein provided,, and after twelve years of service, at least three years of which shall have been on detached duty away from permanent station, or on duty beyond the continental limits of the United States, or both, shall receive the same allowances, except retirement, as heretofore allowed by law to pay clerks,, Quartermaster Corps, and shall be subject to the rule's and articles of war.”
Plaintiff is entitled to his pay, though he performed no active duty and was awaiting orders. United States v. Lippitt, 100 U. S. 663, 667, 669. Under the act just quoted, upon accepting the appointment he became subject to the rules and articles of war and liable for their violation and obligated to their strict observance as much as an officer or enlisted man. The act placed field clerks in the military service. This latter act puts them in the same class as pay clerks, except as to retirement. The act of June 3, 1916, 39 Stat. 170, provided that pay clerks should thereafter have the-rank, pay, and allowances of a second lieutenant; making-them commissioned officers.
When a person is elected or appointed to a public office he is usually required by law to do some act preparatory to assuming its duties, as well as to signify his acceptance, and when he has, as in this case, accepted the office and taken the necessary oath, he is invested with the office, and, in the *440 absence of any rule or regulation to the contrary, is entitled to its emoluments. Poore v. United States, 49 C. Cls. 192; Whiting, administratrix, v. United States, 35 C. Cls. 291.
The plaintiff, by executing the oath of office, was ready, willing, and able to perform his duties $ in fact he was anxious to do so, as is shown by his communications with the War Department asking for instructions. ITe had cut himself off from his business connections and was subject to orders at any time as a member of the Army. Had he received orders and failed to comply with them, he would have been liable to the penalties provided by the rules and articles of war. He should recover his salary and emoluments, which amount to $964.24, and for this sum judgment should be entered in Ms favor, and it is so ordered.
Hat, Judge; Downey, Judge;. Booth, Judge; and Campbell, Chief Justice, concur.