Graham, Judge,
delivered the opinion of the court:
The plaintiff was a surgeon in the Public Health Service-of the United States, which is under the control of the Secretary of the Treasury.
As we view the case it is unnecessary to discuss in detail the facts antecedent to and at the time the leave of absence was granted plaintiff. Suffice it to say that he applied for leave in order that he might accept the position of president of the Territorial Board of Health of Hawaii. Leave of absence was granted him from October 1, 1919, to January 28,1920, and on October 1 he accepted and assumed the office of president of the said board of health. Thereafter, at his. request, his leave was extended until the 7th day of August,. 1923, when his tendered resignation was accepted. He was. paid as a surgeon from the 1st of October, 1919, to the 28th of January, 1920, but thereafter and until his resignation on the 7th of August, 1923, he received no pay.
During his leave of absence, and until the acceptance of' his resignation, he continued to be an officer in the Health Service of the United States. As such he was-entitled to the salary attached to that office while on leave. The principle involved in the case has been so often ruled upon that it is not necessary to indulge in an elaborate discussion. This court held in the case of Dyer v. United States, 20 C. Cls. *571 166, that a salary established by statute can not be increased or diminished by executive officers; and in the case of A. F. Whiting, administratrix, v. United, States, 35 C. Cls. 291, 301, it was held that
“ * * * when a statute creates an office, prescribes its duties, and fixes its compensation the appointing power has no control over the compensation either to diminish or increase it. The appointment to the office by the proper authority gives to the incumbent a vested right in whatever salary may be by law attached to the office.”
This principle has been affirmed by the Supreme Court of the United States a number of times, notably in the cases of Glavey v. United States, 182 U. S. 595; United States v. Andrews, 240 U. S. 90; and United States v. James Reed, 265 U. S. 570.
In the Glavey ease an officer in the local inspection service was appointed by the Secretary of the Treasury as a special inspector of foreign steam vessels, under an act of Congress which established the office and named the salary. In the appointment the Secretary stated that he would serve without additional compensation. Plaintifl entered upon the discharge of the duties of the office, and afterwards claimed compensation for the service rendered in addition to that of local inspector. In that case in discussing the power of an executive officer, by agreement or otherwise, to change the salary of an office created by Congress, the Supreme Court said that it “ is contrary to public policy, and should not be tolerated by the courts. It is to be assumed that .Congress fixes the salary with due regard to the work to be performed, and the grade of man that such salary may secure.” Discussing the right of an executive department, by agreement or otherwise, to change the amount of salary fixed by Congress, the court said:
“ * * * In this way the subject of salaries for public officers would be under the control of the executive department of the Government. Public policy forbids the recognition of any such power as belonging to the head of an executive department. The distribution of officers upon such a basis suggests evils in the administration of public affairs which it can not be supposed Congress intended to produce by its legislation.”
*572 The principle here announced was affirmed in the Andrews ease, supra, in which it was also held that the President has no authority to grant an officer leave without pay or to affix to an order granting leave a condition to that effect. In this latter case a captain of Cavalry asked leave to accept employment with a commercial company. The leave was granted, but at the last extension it was stated it would be without pay. He was allowed to recover for the salary withheld.
In the Reed case plaintiff, while a lieutenant in the Navy, asked for leave of absence to accept a position as assistant director of public works in the city of Philadelphia, stating that if leave were granted he would not claim pay as an officer during the time he was away from his duties as such. His right to receive his pay during his leave was upheld by this court, and its decision was affirmed by the Supreme Court.
In the case at bar plaintiff did not stipulate that he would waive his right to salary, nor did the executive officer in granting him leave stipulate that it would be without pay. He applied for leave and it was granted. He was legally entitled to leave pay as fixed by section 1265 of the Eevised Statutes, from January 28,1920, to August 7,1923, inclusive, for which period he has received no pay.
Judgment should be entered for plaintiff, and it is so ordered.
Moss, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.