# UNITED STATES *v.* ANDREWS.

### APPEAL FROM THE COURT OF CLAIMS.

No. 193. Argued January 21, 24, 1916.—Decided February 21, 1916.

Under Rev. Stat., § 1265, an officer of the army is entitled to half pay while on leave granted by proper authority.

No power has been conferred on the President to grant an army officer leave without pay, or to affix to an order granting leave a condition to that effect.

Whatever power the President may have to dismiss civil officers, it does not apply to officers of the Army and Navy, who, under Rev. Stat., § 1229, shall not in time of peace be dismissed except upon and in pursuance of the sentence of a court-martial or in commutation thereof.

An officer of the army granted, and accepting, leave without pay is not estopped from demanding the half pay allowed by statute, even though he did not protest at the affixing of such a condition to the order granting the leave. *Glavey* v. *United States*, 182 U. S. 595.

Accepting leave with the condition affixed that it be without pay does not amount to absence without leave for which pay cannot be allowed under the statute.

Public policy prohibits any attempt by unauthorized agreement with an officer of the United States, under guise of a condition or otherwise, to deprive him of the right to pay given by statute.

49 Ct. Cl. 707, affirmed.

THE facts, which involve the construction of statutes regulating pay of officers of the Army of the United States while on leave, are stated in the opinion.

*Mr. Assistant Attorney General Huston Thompson* for the United States:

The President had the power to make the order complained of which left appellee upon leave without pay. *Reaves* v. *Ainsworth,* 219 U. S. 296, 304; *United States* v. *Ross,* 239 U. S. 530.

Claimant having accepted the extension order by continuing on leave without pay, and not having made any protest or objection until more than two years afterwards, acquiesced.

The President's power to put appellee on leave without pay cannot be questioned; for, although § 1265, Rev. Stat., does not specifically grant him this power, it does not deny him such power. *Shurtleff* v. *United States,* 189 U. S. 311, 317.

If the President did exceed his powers in the order putting appellee upon leave without pay, then appellee was absent without authority and therefore on leave without pay under § 1265, Rev. Stat.

Neither *Glavey* v. *United States,* 182 U. S. 595, nor § 1229, Rev. Stat., is relevant to the issues here presented.

The President has the right to suspend an officer temporarily where the exigencies or good of the service demand it, or to furlough him for a definite period for the same reason, or to remove him entirely from office. *Ex parte Hennen,* 13 Pet. 259; *Blake* v. *United States,* 103 U. S. 227, 236; *Mullan* v. *United States,* 140 U. S. 240; *Parson* v. *United States,* 167 U. S. 324; *Shurtleff* v. *United States,* 189 U. S. 317.

Rev. Stat., § 1229, has nothing to do with the circumstances involved in this case, for the President did not drop appellee from the rolls of the Army or attempt to do so. *Hartigan* v. *United States,* 196 U. S. 169.

If the President be not controlled by § 1229, Rev. Stat., then his power to furlough appellee without pay would

be the same as though he were a civil employé. *United States* v. *Murray*, 100 U. S. 536.

The order of the President was a regulation for the internal administration of the Army, the maintenance of its discipline, clearly within his discretion, and not subject to review by the courts. It has been the general practice not only in the Army, but in the other departments of the Government, to grant leaves of absence without pay. To hold that this cannot be done, and that an officer of the Army or civilian employé could enjoy the privilege granted to him, and then bring suit to recover pay for the period of such leave, would create great inconvenience and confusion in the administration of the internal affairs of the Government.

*Mr. George A. King,* with whom *Mr. William B. King* and *Mr. William E. Harvey* were on the brief, for appellee.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court:

The United States appeals from a judgment awarding the appellee $325 found to be due him under Rev. Stat. § 1265 for half pay as a captain of cavalry of fifteen years' service for a period of three months from August 1 to October 31, 1907, during which time it was found he was absent on leave. The court stated the facts as follows:

"The claimant having accepted employment with a commercial company, was granted six months' leave of absence, to take effect January 1, 1907, by paragraph 2, Special Orders, No. 305, War Department, dated December 28, 1906, which leave was extended for four months, to take effect July 1, 1907, and to expire October 31, 1907, by paragraph 26, Special Orders, War Department, dated June 17, 1907.

"While the claimant was enjoying the extension of his leave of absence, The Adjutant General of the United

States Army on July 31, 1907, sent him the following telegram:

"'By direction of the President, although your leave is not revoked, your absence from this date will be without pay.'

"His leave without pay from August 1, 1907, to October 31, 1907, was not requested by the claimant, but he did not file a protest against such action nor relinquish his leave and return to duty.

The claimant was absent from duty from January 1, 1907, to October 31, 1907. From August 1, 1907, to October 31, 1907, he received no pay. His half pay for said period was $325."

It is apparent from the authorities cited in the *per curiam* opinion of the court below (*Glavey* v. *United States*, 182 U. S. 595; *Whiting* v. *United States*, 35 Ct. Cl. 291, 301; *Dyer* v. *United States*, 20 Ct. Cl. 166) that the allowed recovery was based upon the conclusion that the half pay during the leave of absence was expressly sanctioned by law (Rev. Stat., § 1265) and hence any condition conflicting with such statutory right was void and that the officer being entitled to rely upon the statute, no estoppel against him could be implied because of his having acted upon the leave, albeit it contained a condition in conflict with the rights conferred by the statute. To test the merits of these conclusions will dispose of the entire case, since all the contentions of the Government are embraced in three propositions: 1, the asserted existence of authority to grant the leave conditioned on its being without pay notwithstanding the statute; 2, even if such power did not exist the binding effect of the condition upon the officer who accepted the leave which was subject to it; and 3, in any event the impossibility of separating the grant of leave from the condition upon which the leave was based, thus under the hypothesis of illegality rendering the grant void and causing the ab-

sence from duty which was enjoyed under the apparent sanction of the grant to be an absence without leave for which under the statute no right to pay existed. It is manifest that these contentions assume, as did the conclusions of the court below, that the telegram stated in the findings operated to grant a new leave for the three months therein specified subject to the condition that it should be without pay, and in separately testing the propositions we shall treat the telegraphic order as having that significance.

1. As in view of the plain text of Rev. Stat., § 1265, there is no room for disputing that the right to half pay during the period of the leave in question was conferred by the statute, there is and can be no dispute that tested by the statute alone the court below did not err in allowing the claim for such half pay. But the contention is that error was committed because the conferring of the right to pay by the statute was not exclusive and therefore did not deprive of the authority as an incident to the power to grant the leave to affix the condition that the leave should be without pay notwithstanding the statute. It is unnecessary, however, to stop to point out the unsoundness of this proposition, since the error upon which it rests is authoritatively demonstrated by previous decisions which substantially leave the proposition not open for discussion. *United States* v. *Williamson,* 23 Wall. 411, 416; *United States* v. *Wilson,* 144 U. S. 24; *United States* v. *Shields,* 153 U. S. 88, 91; *Glavey* v. *United States,* 182 U. S. 595. Nor in contemplation of the cases which we have just cited and additionally in view of the provision of Rev. Stat., § 1229, that "no officer in the military, or naval service shall in time of peace be dismissed from service except upon and in pursuance of the sentence of a court-martial to that effect, or in commutation thereof," is there any necessity to point out the want of application of the authorities dealing with the power to dismiss civil

officers which are cited as a basis for the proposition that a like power applies to army officers and therefore as there was authority to dismiss, the lesser right of granting the leave without pay necessarily obtained. So also it is unnecessary to enter into any detailed analysis of the decision in *Hartigan* v. *United States,* 196 U. S. 169, since that case concerned the power to remove a cadet at the Military Academy and the recognition of the right to exercise that authority was in express terms based upon the view that although in a sense a part of the army cadets at the Military Academy were not officers within the intendment of Rev. Stat., § 1229, and indeed the opinion in the *Hartigan Case* in substance refutes the extreme contention as to power which is now sought to be sustained.

2. The contention as to the estoppel resulting from the failure to protest against the condition affixed to the leave and the binding force of such condition even if illegal, resulting from an acceptance of the leave containing it, is by necessary implication foreclosed by all the cases previously cited and in fact was in express terms considered and held to be without merit in *Glavey* v. *United States, supra.* Because that case concerned an illegal condition attached to the performance of the duties of an office and this involves an illegal condition attached to a grant of leave affords no ground for distinction between that case and this. The basis of the ruling in the *Glavey Case* was the right of the official to rely upon the provisions of the statute and the resulting want of power to apply a principle of estoppel. And as here there was express statutory authority for the half pay during the leave, the reason in the *Glavey Case* is controlling and the distinction relied upon involves no difference justifying taking this case out of the principle settled in the *Glavey Case.* As the statute conferred the right to the half pay during the leave, it necessarily follows that the exclusion of executive authority over that subject which resulted extended to

and was coterminous with the power which the statute exerted.

3. The contention that even if the condition which was attached to the leave be treated as illegal and the acceptance of the leave containing it be decided not to have operated an estoppel, nevertheless under such circumstances the leave must be treated as void and the absence based on it be held to have been one without leave for which no pay could be allowed under the statute, is self-contradictory and besides in its essence must rest upon the assumption that there was power to affix the condition, the terms of the statute to the contrary notwithstanding. The contention therefore is in substance foreclosed by *Glavey* v. *United States, supra*, and the decided cases to which we have previously referred. How completely this is the case will be demonstrated by observing that the decision in the *Glavey Case* was expressly based on the ground that public policy forbade giving any effect whatever to an attempt to deprive by unauthorized agreement made with an official, express or implied, under the guise of a condition or otherwise, of the right to the pay given by the statute. And of course the contention now made that the absence with leave which carried pay under the statute was converted into an absence without leave carrying no pay in consequence of an unauthorized attempt to subject the granted leave to an illegal provision that it should be without pay is absolutely in conflict with the previous cases and the rule of public policy upon which they were based. In fact the contention but in a changed form asserts the application of estoppel which as we have seen was expressly adversely disposed of in the previous cases.

*Affirmed.*

MR. JUSTICE MCREYNOLDS took no part in the consideration and decision of this case.