## COCHNOWER *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 80.    Argued December 16, 1918.—Decided January 13, 1919.

Primarily, the creation of offices and the assignment of their compensation is a legislative function; and the fact and the extent of any delegation of it must clearly appear.

The Act of March 4, 1909, c. 314, 35 Stat. 1065, authorizing the Secretary of the Treasury "to increase and fix" the compensation of inspectors of customs, as he may think advisable, etc., did not empower him to decrease their salaries.

51 Ct. Clms. 461, reversed.

THE case is stated in the opinion.

*Mr. William E. Russell,* with whom *Mr. Seward G. Spoor, Mr. Louis T. Michener* and *Mr. Perry G. Michener* were on the brief, for appellant.

*Mr. Assistant Attorney General Thompson* and *Mr. Harvey D. Jacob,* for the United States, submitted.

Mr. Justice McKenna delivered the opinion of the court.

Appeal from the Court of Claims involving the construction of an Act of Congress passed March 4, 1909, c. 314, 35 Stat. 1065, entitled "An Act Fixing the compensation of certain officials in the custom service, and for other purposes." This case is concerned particularly with § 2, which provides as follows: "That the Secretary of the Treasury be, and he is hereby, authorized to *increase* and *fix* [italics ours] the compensation of inspectors - of customs, as he may think advisable, not to exceed in any case the rate of six dollars per diem, and in all cases where the maximum compensation is paid no allowance shall be made for meals or other expenses incurred by inspectors when required to work at unusual hours."

The Court of Claims construed the provision as authorizing the Secretary to decrease the salary of inspectors and dismissed Cochnower's petition that presented a claim for the difference between the salary at which he was serving and that from which he was reduced by the Secretary, in contest of the Secretary's power. From the judgment of the court this appeal was taken.

Cochnower's petition shows that he served in the customs service in various capacities and at various salaries, which he details, from 1879 to June 13, 1908, when he was appointed day inspector at $5.00 per diem, at which rate he served until July 1, 1910, when he was reduced to $4.00 per diem, at which rate he is now serving.

The case is one simply of statutory construction and depends primarily on the words "increase and fix" which we have italicized in our quotation of § 2. In opposition to the Court of Claims' view of them, counsel for Cochnower have indulged in a wide range and have been elaborate in citation and review of prior legislation and the decisions of the courts upon it. Counsel for the

Government have confined themselves to narrower limits and even urge that the argument based on "long-continued and contemporaneous construction . . . is irrelevant for the reason that section 8 of the said act of 1909 repealed all laws ·and parts of laws inconsistent" with it, and that its obvious purpose was to relieve the Secretary from whatever construction might have been put upon his acts or those of his predecessors under previous legislation. In other words, as we understand the Government, the Act of 1909 is to stand by itself and was intended to be and must be taken as the measure of the Secretary's power after its enactment; that it could not be limited or opposed by prior legislation, for that had been repealed; nor by prior practices, for they had been superseded, and a new rule of authority and practice pronounced. We may accept this as the gage of the Government and consider how far the act is a grant of authority to the Secretary.

Primarily we may say that the creation of offices and the assignment of their compensation is a legislative function. *Glavey* v. *United States*, 182 U. S. 595; *United States* v. *Andrews*, 240 U. S. 90. And we think the delegation of such function and the extent of its delegation must have clear expression or implication. The Act of 1909 does give a power to the Secretary, but the power is not absolute; it is expressed with qualification. The Government's contention makes it absolute, having no limit but the discretion of the Secretary. The contention gives the qualification no purpose, makes it simply a confusion or clumsiness of words. But why are they to be so regarded? Congress did not have to disguise its purpose or furtively accomplish it. And if Congress accidentally fell into the equivocal, the resulting uncertainty must be resolved by the application of the simple rule of considering all the words of a statute in their proper dependence. Reverting then to the statute, we discover that it was at pains to

express clearly the power to "increase." If it had been intended to give the power to "decrease"—an accurately opposite power—it would have been at equal pains to have explicitly declared it; and thus the unlimited discretion in the Secretary contended for by the Government would have been simply and directly conferred and not left to be guessed from a circumlocution of words or to be picked out of a questionable ambiguity. We say questionable ambiguity because its existence can be readily disputed. If it exists at all it exists in the word "fix" in the collocation "fix the compensation." But the instant signification of the word is the opposite of change— it declares stability and confirmation—and, giving it this sense, it is the natural complement of the power to increase, establishes the increase (fixes it) thereafter as the legal compensation. And this, we think, is the proper construction, direct, intelligible and adequate.

It is, however, urged that the act implies minimum and maximum salaries, especially of inspectors, and also the power of classification of inspectors. We are not called upon to dispute it. The fact or the power does not enlarge the authority to increase salaries into an authority to decrease them. The power given can otherwise be accommodated.

We think, therefore, that the Court of Claims erred in dismissing the petition, and its judgment is reversed and the case remanded for further proceedings in conformity with this opinion.

*So ordered.*