Downey, Judge,
delivered the opinion of the court:
The action is for the recovery of a uniform gratuity of $150.00 alleged to be due the plaintiff as a second lieutenant in the United States Marine Corps Beserve and the question for decision arises from the following facts:
The plaintiff, in 191$, was one of a number of enlisted men in attendance at a Marine Officers’ Training Camp, about to graduate, and upon graduation eligible to temporary appointment as second lieutenant in the Marine Corps. Such appointments could only be made subject to confirmation by the Senate necessarily entailing some delay.
*221 To obviate this delay and give the Government tlie benefit of their immediate service as officers of the Marine Corps, incidentally giving to the men themselves the earlier advantages and pay of commissioned rank, the Commandant of the Marine Corps recommended to the Secretary of the Navy that immediately upon graduation they be enrolled in the Marine Corps Beserve and assigned to active duty, to be disenrolled therefrom when afterward commissioned as temporary second lieutenants in the Marine Corps, and, in view of the fact that they would thus receive commissioned rank earlier than if required to await confirmation by the Senate, he recommended that they should be so enrolled in the reserve only upon the execution of a waiver of the clothing gratuity allowed officers in the reserve.
This clothing or uniform gratuity constituted the only difference between the pay and allowances of officers in the Marine Corps Beserve and officers temporarily commissioned in the Marine Corps. Had they awaited confirmation by the Senate and been commissioned temporary lieutenants in the Marine Corps they would not have been entitled to the uniform gratuity. The pay otherwise was the same.
The plaintiff was commissioned in the Beserve Corps— where he served for a very short time — in accordance with this plan, “ in consideration of which,” as recited therein, he executed a written waiver of claim to uniform gratuity. The recommendation by the Commandant of the Marine Corps and the waiver executed by the plaintiff with other material facts not necessary here to recite are set out in the fundings. He was not paid the uniform gratuity, and after discharge filed a claim therefor with the auditor, which was disallowed because of his waiver, and the disallowance by the auditor was affirmed by the comptroller.
However the merits of the case may or may not appeal to us, we are constrained to conclude that it is within the rule established by the Supreme Court and recognized and applied by this court with reference to attempted waivers of statutory pay or allowances.
It is not necessary to discuss the rule at length. It is well settled to the general effect that agreements to forego any part of a statutory compensation will not be enforced, and *222 that recovery may be had for a withholding under such agreements. The cases of Glwoey v. United States, 182 U. S., 595, and United States v. Andrews, 240 U. S., 90, lay down the rule, and they have been followed consistently in many other cases, among which, in this court, we cite the Katzer Case, 52 C. Cls., 32.
It is contended by the defendant, referring to the waiver as a contract or an agreement, that, if unexecuted, it would not be enforced, but that, when executed, the courts will not act to relieve either party from the consequences of the illegal transaction, and cases are cited. Without entering into a detailed review of the cases cited, suffice it to say that we do not find them applicable to cases of this class.
Under the established rule referred to we conclude that the plaintiff is entitled to recover the sum of $150, and judgment is awarded accordingly.
Graham, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.