GeeeN, Judge,
delivered the opinion of the court:
' Plaintiff, during the period involved, was a retired officer :in the Navy living in Puerto Rico and on active duty. De *602 siring to obtain from the Government a permanent lease or transfer to himself of a tract of land which formed a part of the naval reservation on that island, he submitted to the Navy Department a proposal in writing in which he stated that in return for such permanent title or lease he would erect a residence on the leased premises which would provide quarters for him in which he would reside, and that during such residence he would waive all claim to other quarters and to commutation of quarters. The Secretary of the Navy obtained an act of Congress authorizing him to make the lease, which was accordingly executed to plaintiff who had previously entered into occupation of the premises under a short-time lease. He continued to occupy the property from January 1,1926, to May 17,1927, and during that period was on active duty. He now seeks to recover the statutory allowance for quarters during this period notwithstanding his agreement to waive any claim therefor.
It is argued on behalf of plaintiff that he could make no valid waiver of his allowance for quarters and, therefore, is not bound by his agreement. In support of this proposition a number of cases are cited which we do not think are controlling.
The case first cited is Glavey v. United States, 182 U. S. 595, 610, which merely holds that the Secretary of the Treasury could not make an appointment to an office under a stipulation that the appointee would take less salary than that prescribed by Congress. Dyer v. United States, 20 C. Cls. 166, holds that a salary that is established by statute cannot be increased or diminished by executive officers, and Adames v. United States, 20 C. Cls. 115, is to the same effect. In Whiting v. United States, 85 C. Cls. 291, the same doctrine is repeated. In Katzer v. United States, 52 C. Cls. 32, 37, the following rule is approved.
“Any bargain whereby in advance of his appointment to an office with a salary fixed by legislative authority the appointee attempts to agree with the individual making the appointment that he will waive all salary or accept something less than the statutorjr sum is contrary to public policy and should not be tolerated by the courts.”
In United States v. Andrews, 240 U. S. 90, it was said that *603 the decision in the Glavey case, supra, was expressly based on the ground that public policy forbade giving any effect whatever to an attempt to deprive by unauthorized agreement made with an official, express or implied, through the guise of a condition or otherwise, of the right to the pay given by the statute, and consequently an agreement to waive pay-as a condition of granting the leave of absence was held to be invalid. The decision in Bancroft v. United States, 56 C. Cls. 218, was unquestionably correct and it may be contended that the language therein sustains plaintiff’s contention, for it is said in the opinion—
“ It is well settled to the general effect that agreements to forego any part of a statutory compensation will not be enforced, * *
This is true where an appointment is made upon condition that the appointee shall waive statutory compensation, which was the situation in the case last cited; otherwise the appointing officer would be permitted in effect to fix the emoluments of the office and to nullify the statute. Obviously, if appointments were made in this manner, such a practice would have a detrimental effect on the public service. The rule in these cases originated with instances where candidates for a public office agreed to waive the salary or to make claim for only part thereof in case of election. Such agreements have been uniformly held to be contrary to public policy and the foundation of the decisions which have been cited above is found in the rule which makes contracts contrary to public policy void, and it is only where the agreement is contrary to public policy that it becomes void.
In the case now before us an altogether different situation is found. Plaintiff did not receive appointment on active duty in consideration of his waiver of commutation of quarters. He already had this appointment at the time when he proposed that the lease should be made to him. By the statements made in his written request plaintiff intended to be understood and was understood that if the Government would make him a lease for these premises in consideration of the execution of the lease he would provide his own quarters and should be paid nothing by the Govern *604 ment for quarters during the period involved in the case. The effect of the contract was to furnish plaintiff with quarters at the expense of the defendant. The Government paid for the erection of the residence by executing the lease. True, the plaintiff to a large extent controlled the dwelling but he agreed to live in it and accept it as quarters. Being erected in consideration of the lease, the effect of the contract was that the Government furnished the plaintiff with quarters, and we do not think the fact that plaintiff could continue to occupy the residence without any additional charge after his active duty ceased altered the situation. If the Government had leased the land to some other person who agreed to and did erect a dwelling thereon for the purpose of providing a residence for the plaintiff, no one would contend that the plaintiff could recover for commutation of quarters while he was occupying the dwelling. We do not think the situation is made any different by the fact that the agreement was made with the plaintiff himself.
Moreover, if we accept the theory that plaintiff had something to waive in the matter of commutation of quarters and did undertake to waive his allowance therefor, we do not think the agreement was contrary to public policy and therefore invalid. He did not make the waiver in consideration of obtaining the appointment nor did he in fact give up his statutory allowances. The essence of his contract under this theory is that the allowance which would otherwise be paid to plaintiff should be applied as part consideration for making the lease. In other words, he got the full benefit of the allowance in obtaining the lease. It is well settled that a party to a contract may agree to waive some legal right on consideration that another party will do certain things. Instances where such agreements have been held to be valid are too numerous to mention, but a number of illustrations where a promise has been held valid to relinquish certain legal rights will be found in 13 C. J. 342, sec. 193 (contracts). Of course, such an agreement must be made upon a full consideration, as it was in this case, and being so made we can see no sound objection to holding the plaintiff to his agreement.
*605 It is contended, on belialf of plaintiff that, as the lease contains no mention of any waiver on the subject, parol evidence showing there was a waiver is inadmissible. But the general rale is that the recitals of a written instrument as to the consideration are not conclusive and that it is always competent to inquire into the consideration and show by pa-rol or extrinsic evidence what the real consideration was. In this connection it should be noted that the lease was a consideration for the waiver as well as the waiver being a consideration for the lease.
It is also urged that the right of the plaintiff to commutation of quarters was adjudicated in the case of Baker v. United States, 27 Fed. (2d) 862. An examination of the opinion in that case shows that the only issue presented to the court by the pleadings was the validity of the lease to the plaintiff in the case at bar, being the same lease to which reference has been made, and that it was alleged on the part of the United States that the lease had been obtained by fraud. For some reason that we do not understand, the attorneys for the Government introduced on the trial of the case evidence showing the rental allowance paid plaintiff while occupying the premises and serving on active duty for a period prior to the time in controversy and also a certified statement of plaintiff’s pay and allowances. This evidence was entirely immaterial to any issue raised in that case and we think it is also immaterial in the case now before us.
It is now contended by reason of this evidence having been introduced that under a prayer for general relief the Government could have obtained a judgment that plaintiff was not entitled to the allowances which he now claims. Such a decree would have been in effect a declaratory judgment, and we know of no theory upon which such an issue could be raised and judgment rendered. Without determining just what effect a prayer for general relief might have had, we think it is evident that the decision in Baker v. United States, supra, is not an adjudication barring the defense now set up in the case before us for the reason that the causes of action are different and that as said in The Theodore Roosevelt case, 291 Fed. 453:
*606 “ If the causes of action are not the same, then the prior judgment, even if final and on the merits, is an estoppel only as to the exact point in issue and decided.”
It follows that plaintiff’s petition must be dismissed and it is so ordered.
Whalet, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.