## CHARLES W. RINGER v. CITY OF MINNEAPOLIS.[1]

July 22, 1938.

No. 31,679.

*Richard Tattersfield,* for appellant.

*R. S. Wiggin,* City Attorney, and *Palmer B. Rasmusson,* Assistant City Attorney, for respondent.

PER CURIAM.

This is an appeal from a judgment of the municipal court of Minneapolis entered notwithstanding a verdict of $194.44 for plaintiff.

[1]Reported in 281 N. W. 47.

Plaintiff was a classified civil service employe of the defendant at a salary of $5,000 a year as chief engineer of the fire department. Charges were preferred against him before the civil service commission, and on February 29, 1932, he was suspended by the city council without pay for 90 days, the limit of the council's authority so to suspend. At the expiration of that period he was again suspended by the council but with pay until July 29, 1932, when the city council attempted to suspend him for two weeks without pay. During the two weeks he reported for duty every day but one, but the council had forbidden him to perform his duties as chief. On August 13, 1932, he resumed work after a favorable decision from the civil service commission on the charges pending against him. He continued in charge of the department until April 26, 1933, when he retired after 49 years' service in the department. He seeks recovery for the two weeks following July 29, 1932. The defense interposed is that he acquiesced in nonpayment for those two weeks and waived his right to pay therefor. No contention is made that the council had the right to suspend him for those two weeks without pay under the city charter and civil service rules or that he was not entitled to pay for those two weeks if he had stood upon his rights. The question of waiver and acquiescence was submitted to the jury, which found for plaintiff. Two points are urged in support of the court's action in granting judgment. He signed the pay rolls for his subsequent pay without asserting his rights, and he brought no action until two years after his retirement. No prejudice to the city is claimed on account of the delay except the accrual of interest on the claim. Defendant relies on Byrnes v. City of St. Paul, 78 Minn. 205, 208, 80 N. W. 959, 79 A. S. R. 384. There the chief of police, who had no authority to do so, sought to discharge the plaintiff, who made no effort to be reinstated and afterward sought pay for the four years during which he rendered no service. He was held to have "resigned by implication." Quite different are the circumstances here. Plaintiff reported daily for duty, disregarding the council's illegal order, and was reinstated and continued to perform his duties until retirement. We think the record presents at

least a question of fact as to whether plaintiff waived his rights. He was certainly as much entitled to recovery as was plaintiff in United States v. Andrews, 240 U. S. 90, 36 S. Ct. 349, 60 L. ed. 541, where an army officer was allowed to recover for half pay on leave although he had not protested against an order granting him leave without pay.

Reversed with directions to reinstate the verdict.