## EHRHORN v. QUILLINAN.
### No. 21079.

United States Court of Appeals
Second Circuit.

Nov. 12, 1948.

Scribner & Miller, of New York City, and Louis G. Bernstein, of New York City, for appellant.

James D. Carpenter, Jr., Howie & Robertson, Milbank, Tweed, Hope & Hadley, Mudge, Stern, Williams & Tucker, Paul E. Kern, Root, Ballantine, Harlan, Bushby & Palmer, George Zolotar, Isadore Glauberman and Monroe, Byrne & Kaye, all of New York City (William O. Robertson, of New York City, of counsel), for appellee.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellant was for many years a duly appointed and qualified referee in bankruptcy in the Southern District of New York. He acted as referee in the reorganization proceedings of Warner Sugar Corporation under Chap. X of the Bankruptcy Act while those proceedings were pending in the District Court for the Southern District. He was also appointed a special master in the same proceedings and spent considerable time performing his duties as such. After the reorganization of the corporation had been accomplished, the appellant applied to the court for an allowance and under § 241 of the Bankruptcy Act[1], 11 U.S.C.A. § 641 for reasonable compensation for such services and for reimbursement for expenses incurred in connection with them. He was allowed his expenses but denied any compensation. The appeal is from that order. The following excerpt

[1] The statute in so far as here pertinent reads:

"The judge may allow * * * reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in a proceeding under this chapter * * * (2) by a special master * * *."

from what appears in the record under the title "Decision" and which is signed by the judge explains the denial of the application. "No allowance is made the Special Master for his services as such. By acquiescence to the suggestion of the judges of this court, he undertook to assist in the administration of these matters, as Special Master, without charge or compensation, when his annual fees collected as Referee equalled or exceeded the sum of $20,000, and for the years here involved his fees have exceeded that amount."

There are two questions to be decided in disposing of the appeal. The first is whether the facts stated in the above quotation have substantial support in the record and the second is whether such an acquiescence in the suggestion of the judges is enough to prevent the denial of any compensation being an abuse of discretion.

As to the first question, we think the record gives ample support for the finding. There was no sworn testimony presented by the appellant, but in response to questions by the judge he made it plain that the fees he had received as compensation for his services during the time he acted as special master in this proceeding were in excess of $20,000 a year. He also made it plain that he knew before he was appointed special master and while he was acting as such that the district judges had asked the referees in the Southern District to limit their fees to $20,000 a year. He stated also that he did not directly or impliedly consent to serve without compensation as a special master in any calendar year in which he received $20,000 in fees and pointed out his understanding that the judges had no power to limit his fees.

Nevertheless what he did say amounted to an admission that he knew the referees conformed to the suggestion of the judges and that he did not make known to the latter his unwillingness to conform to it also.[2] This was enough to give support to the finding that he did acquiesce in the sug-

gestion. That being so, his statements at the hearing that he did not "consent" or have an "understanding" that he should not be granted an allowance for his services as special master during the period when his statutory fees were at least $20,000 a year did not make the finding clearly erroneous and so we accept it.

The second question has two aspects which must be kept separate and distinct. One relates exclusively to the compensation of a referee for "his services as required by this title." Sec. 72 of the Bankruptcy Act, 52 Stat. 883, as it was before Act of June 28, 1946, 60 Stat. 323, 330, 11 U.S.C.A. § 112. Such compensation, to be computed as provided in § 40, 52 Stat. 859, as it was before Act of June 28, 1946, 60 Stat. 323, 326, 11 U.S.C.A. § 68, is not subject to diminution or change by agreement since that would be in contravention of public policy which makes any such undertaking void. United States v. Andrews, 240 U.S. 90, 36 S.Ct. 349, 60 L.Ed. 541; Glavey v. United States, 182 U.S. 595, 21 S.Ct. 891, 45 L.Ed. 1247; Miller v. United States, C.C., 103 F. 413. As there are no such fixed-by-statute fees involved on this appeal we turn to the other aspect of the understanding. That was that when the fees of a referee in any calendar year amounted to at least $20,000.00 he would not receive additional compensation for acting as a special master in bankruptcy matters. Since such compensation was allowable in the discretion of the judge, § 241 of the Act, it stands on a different footing from fees fixed by statute in so far as agreements in respect to its amount are concerned. There is nothing in public policy which would prevent the carrying out of an understanding between the judge and a prospective special master that the special master would serve without any allowance for compensation. Nor does public policy deprive a referee of the right to accept an appointment as special master with the understanding that he will serve as such with-

---

[2] The following are quotations of what he said in part:

"We were asked, as I remember it, to limit our fees to that amount. But I never consented." "The district judges well knew that it was merely a pious

wish to which the referees conformed." The Court: "What was your response to that request?" Mr. Ehrhorn: "I never—we had no correspondence that I know of."

out pay at least if his appointment as referee is not conditioned upon his doing any such additional work, a condition not present here. See In re Mt. Forest Fur Farms, D.C., 62 F.Supp. 59, 68, 71.

Action on the application made by the appellant for an allowance under § 241 required the exercise of judicial discretion which took into account all of the factors relevant to the particular application. The acquiescence of the appellant in what had become the practice in such matters in the Southern District of New York was one of those factors and it prevented the disallowance of the application from being an abuse of discretion.

Order affirmed.