Whitaker, Judge,
delivered tbe opinion of the court:
This case is before us on defendant’s motion for summary judgment, based on the ground that we are without jurisdiction to determine the issue presented by plaintiff’s petition.
In his petition plaintiff alleges that while a Greek national he was commissioned a first lieutenant in the United States Army (Air Force). Within two weeks thereafter he was naturalized as an American citizen. After 18 months’ service in the Air Force he was promoted through the ranks to lieutenant colonel.
After the conclusion of the second World War, he was commissioned a captain in the Regular Army of the United States (Air Force). About 18 months later he was promoted to major, and about a year later to temporary colonel.
About 8 months after his promotion to temporary colonel a document was prepared for his signature, offering his resignation from the Army, which he signed. At the time he was a patient in the Travis Air Force Base Hospital, under observation and treatment for a mental disorder. He says that at the time he signed the document he was mentally incompetent to understand what he was doing. His resignation, however, was accepted, and on October 8, 1953, he was discharged under other than honorable conditions, effective October 15, 1958.
Plaintiff says his letter of resignation was of no force and effect because he was mentally incompetent at the time he signed it, and, therefore, that it afforded no basis for his discharge.
For the purpose of this motion we shall assume that the allegations of plaintiff’s petition are true. If he was in fact mentally incompetent at the time he offered his resignation, it does not afford a basis for his discharge, and it was, therefore, unlawful, unless the President had the right to discharge him, independent of his resignation.
Officers of the army are appointed by the President, by and with the advice and consent of the Senate, and the power of appointment carries with it an implied power to discharge the person appointed. However, the Constitution of the United States, in article I, section 8, clause 14-, gives to Con *311 gress the power “to make Buies for the Government and Eegulation of the land and naval Forces.”
Pursuant to the authority thereby granted, Congress on July 13, 1866, enacted the Act of July 13, 1866 (14 Stat. 90, 92), providing in part:
* * * And no officer in the military * * * service shall in time of peace, be dismissed from service except upon and in pursuance of the sentence of a court-martial to that effect, or in commutation thereof.
This was carried in the Bevised Statutes as section 1229 and is now found in Title 10 U. S. C. sec. 572. Bevised Statutes 1229 also authorized the President “to drop from the rolls of the Army for desertion any officer who is absent from duty three months without leave,” and then the Act of January 19, 1911 (36 Stat. 894), authorized the President “to drop from the rolls of the army any officer who is absent from duty three months without leave, or who has been absent in confinement in a prison or penitentiary for more than three months after final conviction by a civil court of competent jurisdiction.”
These sections were consolidated in the Act of May 5,1950, c. 169, 64 Stat. 107,146, sec. 10, which reads as follows:
No officer shall be dismissed from any of the armed forces except by sentence of a general court-martial, or in commutation thereof, or, in time of war, by order of the President; but the President may at any time drop from the rolls of any armed force any officer who has been absent without authority from his place of duty for a period of three months or more, or who, having been found guilty by the civil authorities of any offense, is finally sentenced to confinement in a Federal or State penitentiary or correctional institution.
Plaintiff was discharged in time of peace, and not as the result of the sentence of a court-martial, but upon the basis of a resignation, which, under the facts alleged in his petition, was of no force and effect.
It necessarily follows upon the facts stated in plaintiff’s petition that his dismissal was unlawful, and, naught else appearing, plaintiff is entitled to recover the salary of which he has been unlawfully deprived.
*312 Defendant’s motion for summary judgment is, therefore, overruled, and the case is remanded to a commissioner for the taking of testimony on the issues presented.
It is so ordered.
Laramore, Judge; MaddeN, Judge; LittletoN, Judge; and Jones, Chief Judge, concur.