LittletoN, Judge,
dissenting:
I am of the opinion, for reasons hereinafter stated, that plaintiff was not legally and effectively released to inactive duty on August 7, 1946, and that he is therefore entitled to recover on his active duty pay claim for the period August 7 to October 2, 1946. Plaintiff’s first effective and legal release to inactive duty occurred on June 9, 1947, when the Secretary of War first ordered such release following the Secretary’s prior approval of the findings and decisions of the third Retiring Board that plaintiff was disabled as an incident of the service in 1943, but denied him retired pay on the sole ground that plaintiff’s disability was incurred while he was serving on active duty in an enlisted status and such disability was not incurred during, nor aggravated by, his service on active duty as a commissioned officer. The regulation or ruling pursuant to which plaintiff was denied disability retired pay in 1947 was later revoked retroactively by the Secretary, and in 1951, by order of the Secretary, plaintiff was granted disability retirement with pay based on the rank of first lieutenant with plaintiff’s years of service, to which rank plaintiff had been duly and legally promoted in January 1947 while serving on active duty. I am of the opinion that the Secretary’s determination in 1951 that plaintiff was entitled to retirement benefits based on the rank of first lieutenant was correct as a matter of law and that the only error committed by the Secretary was his failure to award *134 plaintiff retirement pay retroactively to the date of his release to inactive duty on June 9,1947.
A decision on the issue of plaintiff’s entitlement to active duty pay from August 7 to October 2,1946, is, in my opinion, basic to a resolution of the remaining issue of plaintiff’s right to receive the disability retired pay of a first lieutenant rather than the pay of a second lieutenant. For the purpose of discussion of both issues, I shall restate the pertinent facts as they appear from the pleadings and the documents submitted in support of the motions of both parties for summary judgment.
From September 22, 1942, to April 17, 1945, plaintiff served as an enlisted man in the Army of the United States. During his enlisted service in 1943 plaintiff incurred a disability by reason of deafness, but the deafness was not then completely incapacitating and plaintiff served on active duty for some time thereafter. On April 18, 1945, plaintiff accepted a commission as a second lieutenant in the Army of the United States. During the following year plaintiff’s deafness substantially increased and on July 3, 1946, he appeared before an Army Retiring Board at Borden General Hospital. That board found that plaintiff was permanently incapacitated for active duty by reason of deafness incurred while serving on active duty as an enlisted man in 1943, and the board recommended that plaintiff be assigned to 'permanent limited service. Before the recommendations of a retiring board can become effective under the law, they must be acted upon by the Secretary of the particular service involved. On August 7, before the Secretary of War (later Secretary of the Army) had had an opportunity to act on the findings and recommendations of the retiring board, and while plaintiff was still in Borden General Hospital, some minor administrative official[1] of the hospital issued orders releasing this plaintiff to inactive duty as of that date. It seems obvious to me that those orders releasing plaintiff to *135 inactive duty were without authorization, were contrary to the recommendations of the retiring board that plaintiff be placed upon permanent limited duty, were issued while final disposition of plaintiff’s case was still pending before the Secretary of War who was the only official authorized to make such disposition, and were accordingly without any legal force and effect. That such was in fact the case seems clear and is borne out by the subsequent action taken by the Secretary in this matter.
On August 16,1946, approximately 10 days after plaintiff was released to inactive duty by an order issued by the official mentioned above, the Secretary of War acted on the findings and recommendations of the July 3, 1946 retiring board. The Secretary did not approve the findings of this retiring board nor did he carry out its recommendations but instead ordered that the findings be held in abeyance pending the reordering of plaintiff to active duty for appearance before another retiring board. It seems obvious that the Secretary felt that plaintiff should be recalled to active duty because although the orders releasing him on August 7 had been premature and unauthorized, such orders were on the record and plaintiff had been released. I would not say that the action of the Secretary in issuing an order recalling plaintiff to active duty on October 2, 1946 had the effect of validating the earlier unauthorized release order, because I think the Secretary knew that the first orders should not have been issued and he was acting merely to clear up plaintiff’s record.
On October 2, 1946, plaintiff was recalled to active duty under the order mentioned above, and on January 2, 1947, while plaintiff was serving on active duty he was duly, legally and properly promoted to the rank of first lieutenant. The promotion was made pursuant to War Department regulations under which plaintiff was eligible for such promotion because he had served on active duty for 18 months, 21 days, and had attained an efficiency index of 40, pursuant to WD Cir. 140,1946.
On January 13, 1947, while plaintiff was still serving on active duty, he appeared before a new retiring board at Walter Need Hospital and on that date this board found *136 plaintiff to have been permanently incapacitated for active service by reason of bilateral deafness incurred during Ms enlisted service; that the deafness had been permanently aggravated by military service, and that this incapacity was the result of an incident of service. The Surgeon General did not concur in these findings and on February 12, 1947, plaintiff appeared before his third retiring board which board did not agree with the views of the Surgeon General but adhered to the findings of the January 13, 1947 retiring board.
On March 27,1947, the Secretary of War disapproved the findings of the third retiring board and found instead that plaintiff was permanently incapacitated for active military service but that his disability was not the result of an incident of his service nor was it aggravated by such service. It should be noted at this point that at the time of this action, the Secretary of War’s regulations provided that a commissioned officer was not entitled to disability retirement where his disability was incurred during his enlisted service. Accordingly, on June 9, 1947, plaintiff was released from active duty by reason of physical disability, but without disability retirement benefits. This order releasing plaintiff from active duty was issued hy order of the Secretary of War.
On November 21, 1947, plaintiff sought review of his application for disability retirement before an Army Disability Eeview Board, but with no success, since the above regulation of the Secretary was still in effect and binding on the board.
On August 3, 1950', the Secretary of the Army (formerly Secretary of War) reversed and revoked the above regulation and instead correctly ruled that under the Act of April 3, 1939, 53 Stat. 557, non-regular army officers who suffered or incurred disability or injuries while serving as enlisted men and later became incapacitated for service while serving as commissioned officers, were entitled to disability retirement benefits as officers. On September 5,1950, plaintiff was notified by the Adjutant General of the new ruling and was told that he might seek further consideration of his case by an Army Disability Eeview Board.
*137 On June 28, 1951, tbe Disability Neview Board found that plaintiff was permanently incapacitated for active service by reason of bilateral deafness resulting from an injury suffered during his enlisted service and that the disability was permanently aggravated by later active service. The board found that plaintiff became incapacitated for active military service on May 27, 1946 and that plaintiff was accordingly entitled to be certified for retirement pay benefits in the grade of first lieutenant. These findings were approved by the Secretary of the Army and plaintiff was certified by the Army Finance Officer for disability retirement pay benefits under the Act of April 3, 1939, in the amount of $157.50 per month, effective July 1, 1951. This amount was the retired pay of a first lieutenant of plaintiff’s length of service under applicable law.
However, because the Army did not give plaintiff disability retired pay back to the date of his release to inactive service in June 1947, and because plaintiff had received no pay of any kind from August 7 to October 2, 1946, while he was under the above described invalid orders releasing him to inactive duty, plaintiff, on September 4,1951, brought suit in this court. Proceedings in this court were suspended to permit the Comptroller General to act on plaintiff’s claim. In the meantime, plaintiff continued to receive the retired pay of a first lieutenant with his years of service.
On March 15, 1954, the Comptroller General rendered an opinion and issued a settlement certificate in plaintiff’s case. Purporting to apply the rule, as he construed it, laid down by this court in the cases of Thomas v. United States, 123 C. Cls. 507; Ramsey v. United States, 123 C. Cls. 504, and Frame v. United States, 124 C. Cls. 557, the Comptroller General ruled that this plaintiff was entitled to receive only what he would have been receiving if he had been retired for disability on the date he was erroneously released to inactive duty the first time, i. e., on August 7, 1946; that since on that date his rank and grade was that of a second lieutenant, his retirement pay would have been based on the pay of a second lieutenant and would have continued at that rate; that under the above cited decisions of the Court of Claims, the subsequent regular promotion of plaintiff to the rank of first *138 lieutenant while serving on active duty under orders could not serve to increase his disability retired pay. Therefore, he said that the sense of this court’s holdings required only that plaintiff receive disability retired pay from August 7 to October 2,1946, and from June 9,1947 to July 1,1951, all based on the pay of a second lieutenant. The Comptroller then ruled that the Government was entitled to a setoff of the amount representing the difference between the retired pay of a first lieutenant with plaintiff’s years of service, which plaintiff had been receiving since July 1, 1951, by order of the Secretary of War, and the retired pay of a second lieutenant with plaintiff’s years of service. Following the ruling of the Comptroller General, the Army finance department commenced paying plaintiff retired pay based on the rank of second lieutenant.
On October 11, 1954, plaintiff applied to the Army Board for the Correction of Military Becords to correct his records to show his retirement in the grade of first lieutenant as approved by the Secretary of the Army in 1951, and to correct his records to show plaintiff’s retirement in that grade as of June 10,1947, the day following plaintiff’s properly authorized release to inactive duty. On August 3, 1955, the Correction Board denied plaintiff’s application, and on January 4, 1956, plaintiff amended his September 4, 1951 petition in this court to show the events which had taken place in the interim.
With reference to plaintiff’s claim for active duty pay from August 7 to October 2, 1946,1 am of the opinion that plaintiff was actually in an active duty status during that period because the orders purporting to release him to inactive duty were issued obviously inadvertently and without proper authorization beforehand and while the recommendations of his retiring board were still awaiting final action by the Secretary of War. Under the law and regulations the right to active duty pay does not depend, as the majority opinion suggests, on the performance of any particular duties, but rather or whether or not the person in question is in the Army and in an active duty status. United States v. Williamson, 23 Wall. 411; United States v. Andrews, 240 U. S. 90; Bancroft v. United States, 56 C. Cls. 218, aff’d *139 260 U. S. 706; Brown v. United States, 68 C. Cls. 734; Berry v. United States, 123 C. Cls. 530. Cf. Stampados v. United States, 136 C. Cls. 309.
While it is true that in' the cases relied on and cited by the Comptroller General this court held that the plaintiff’s therein would be properly compensated if they received the disability retired pay which they would have received had the particular armed service awarded those plaintiffs disability retirement, with pay, at the time such service improperly released them to inactive duty by reason of physical disability but without disability retirement pay benefits, the court was speaking in those cases about valid and legal releases to inactive duty and not unauthorized and ineffective releases to active duty, such as occurred in the instant plaintiff’s case. In none of the cases cited by the Comptroller General, by the defendant in its briefs, or in the majority opinion herein, was there any question about the validity of the orders releasing the plaintiffs to inactive duty, and in none of the cases was there a subsequent recall to active duty and a promotion while the plaintiffs were serving on such subsequent active duty as in the instant case. Furthermore, in the cases relied on, the claims for active duty pay and for disability retired pay were asserted in the alternative and the court so noted.[2]
*140 None of those cases require a holding in this case denying plaintiff active duty pay for the period of the illegal release to inactive duty, nor do they require a holding that plaintiff is not entitled to the benefits of his promotion while on active duty in the computation of the disability retired pay which he was ultimately awarded.
In Berry v. United States, supra, Berry’s retirement orders were delayed, and during the interim Berry’s status depended on the effect of orders of the Secretary of the Navy, which orders were somewhat ambiguous. Defendant contended that the orders resulted in Berry’s being in an inactive duty status and therefore not entitled to active duty pay. The court held that upon consideration of all the orders issued, particularly an order cancelling the unexecuted portion of earlier orders, it appeared that plaintiff was actually in an active duty-awaiting orders status indefinitely *141 until retirement orders or other orders were issued and that in the absence of affirmative legal orders releasing plaintiff to inactive duty, Berry continued on active duty. In that case, at the expiration of Berry’s terminal leave on September 1, 1946, orders placing Berry on the retired list were not forthcoming, although such orders had been contemplated by earlier orders of May 18, 1946. The May 18,1946 orders had directed that Berry be detached from performance of duty on or about June 1, 1946, to await retirement, and they provided that when he was placed on the retired list he was to regard himself as relieved of all active duty in the United States Navy. On September 1, 1946, when Berry’s terminal leave expired, the retirement orders had not yet been issued and plaintiff heard nothing further until October 4, 1946, when he received orders cancelling the un-executed portion of his “release from active duty orders of 18 May 1946”, and directing Berry to report immediately for active duty. Berry did so report on October 20,1946. The period in controversy was between September 1, 1946 when Berry’s terminal leave expired, and October 19, 1946, the day before he reported for active duty, and the issue for decision was plaintiff’s status during that period of 1 month and 19 days. The court held that Berry was in an active duty status during that time, and entitled to pay. pp. 538-541.
In refusing to follow the action of the Secretary of the Army in retiring plaintiff Kilbanks in the rank of first lieutenant and instead in holding that plaintiff’s January 1947 promotion to first lieutenant did not entitled bim to retired pay based on that grade, the Comptroller General interpreted the Act of June 29,1943, 57 Stat. 249, as meaning that disability retirement pay is to be based on the grade in which a reserve officer is serving at the time he actually incurs the disability and not on the grade in which that officer is serving when he is actually retired or is released to inactive duty. In my opinion this is clearly erroneous. The pertinent portion of the law which the Comptroller General was undertaking to interpret provides as follows:
That any officer of the Army of the United States * * *, who heretofore or hereafter has been or may be granted *142 retirement pay for physical disability determined or incurred while serving under a temporary appointment in a higher grade shall receive retirement pay computed as otherwise provided by law for officers of such higher grade. * * *
Plaintiff herein contends, and I think correctly, that the above language means that retired pay shall be computed on the basis of the grade in which the officer was serving at the time of retirement and not the grade in which he was serving at the time he incurred physical disability. This contention obviously had merit under the language of the statute. Many men are not incapacitated for active duty at the time they incur a physical disability and they go on serving on active duty for some time thereafter until the disability actually becomes incapacitating for further active service. In the meantime the officer may well have received several promotions to higher grades and I am of the opinion that Congress did not intend that such a person should be retired in the lower grade in which he was serving years before when he received the injury which later became incapacitating. Plaintiff refers the court to legislative history which supports his contention. House Eeport 529, 78th Congress, 1st Session, relative to the above quoted language reads as follows:
The draft bill recommended by the War Department was amended by the Senate so as to include Regular Army cases where the officer at the time of retirement was serving under a temporary appointment in a higher grade than that held at the time the disability was incurred.
* * * # * Normally retirement of officers of the Regular Army * * * follows closely the date the disability was “incurred”. However, there are cases where the retirement or discharge does not follow for a considerable period of time, sometimes for a period of years, subsequent to the date “incurred”. Such cases include those requiring long periods of hospitalization * * * during which period the individual is not retired or discharged and as a matter of justice and fair treatment should not be denied the benefits of an interim temporary appointment in a higher grade along with his contemporaries.
*143 From the above it seems clear to me that the 1943 law provides for disability retirement in the grade and rank held on the date of retirement rather than in the lower grade held when the injury or disability was incurred, if such were the case. Accordingly, under the Act of April 3, 1939, 53 Stat. 555, providing for identical treatment for reserves and regulars in the case of disability retirement, this plaintiff would be entitled to disability retirement in the grade of first lieutenant, in which grade he was serving at the time of his legal release to inactive duty in June 1947.
The Comptroller General is not consistent. In 25 Comp. Gen. 281, 284, the Comptroller General ruled that disability retired pay is fixed on the basis of the grade held by the person being retired at the time of his retirement, noting that since this is clearly true of non-disabled retirees, it would be strange indeed to suppose that Congress intended to treat disabled retirees less well.
I am of the opinion that plaintiff herein remained continuously in an active duty status until June 9,1947; that on June 9, 1947, plaintiff should have been retired for service-incurred disability permanently incapacitating him for military service, and should have been paid disability retired pay from that date; that his disability retired pay should have been computed on the basis of the pay of the rank which plaintiff held on June 9, 1947, i. e., the rank of first lieutenant; that pay at that rate is required by the applicable law discussed above; that the Secretary of the Army was correct in approving and ordering plaintiff’s disability retirement with retired pay based on his rank of first lieutenant; and he erred only in failing to make such disability retirement effective June 9, 1947; that the Comptroller General was wrong in his interpretation of this court’s decisions and in his interpretation of the 1943 Act, supra, and in his application of those decisions and that law to the facts and circumstances of plaintiff’s case. I am of the opinion that plaintiff is entitled to recover the difference between the active duty pay of a second lieutenant and the retired pay of a second lieutenant for the period from August 7 to October 2,1946, and the difference between the disability retired pay of a first lieutenant with plaintiff’s years of service and the disability retired *144 pay of a second lieutenant from June 9,1947 to date of judgment. If the majority is not persuaded that the August 7, 1946 orders by the hospital without the Secretary’s approval, releasing plaintiff to inactive duty were unauthorized and inadvertent, as plaintiff contends they were, then I am of the opinion that the case should be remanded to a commissioner of the court for further proceedings on this matter and that both motions for summary judgment should be overruled.

 1 am assuming, for the purpose of this opinion, that the August 7, 1946 orders releasing plaintiff to inactive duty were, under the facts and circumstances alleged, unauthorized and ineffective legally. A copy of the order in question is not presently before the court. If there is a true issue concerning the legality of the order, then this case is not ripe for summary judgment on the motion of either party and the case should be remanded to a commissioner for findings of fact concerning the order of August 7, 1946.

 In Womer v. United States, 114 C. Cls. 415, plaintiff was released to inactive duty in a perfectly legal and authorized way and he was released on but one occasion. Two years later the Naval Retiring Review Board reversed the earlier decision of the Naval Retiring Board and recommended that plaintiff Womer be retired for disability with retired pay and this was done, but Womer was not given retired pay retroactively to the time of his release to inactive duty. In his suit in this court Womer stated his claim in the alternative for either active duty pay from the date of his release to inactive duty to the date when his retired pay started, or for disability retired pay for the same period. At page 423 of the court’s opinion it is stated:
“Determined on a strictly legal basis, we think plaintiff would be entitled to active service pay during the intervening period, but since he was in no condition to render active service during that period, and since he has sued in the alternative and asked for judgment for one or the other of the sums indicated, we are inclined to limit the recovery to the amount of what would have been his retirement pay had the retirement date been made retroactive to January 15, 1943. Clearly the record shows that plaintiff was entitled to pay in one form or the other. It is not possible to determine with complete definiteness which course should be pursued. By thus limiting the judgment to the lesser of the two amounts a difficult determination is made certain, since under the factual conditions of this case the plaintiff is certainly entitled to pay during the period involved.”
Eootnote continued on following page.
*140 Footnote continued from preceding page.
In Hamrick v. United States, 120 C. Cls. 17, Hamrick was released to inactive duty by reasons of physical disability but without retired pay. When the Navy Anally decided that Hamrick was entitled to disability retirement pay benefits, those benefits were not made retroactive to the date of his release to inactive duty and Hamrick brought suit in the alternative for active duty pay or for retired pay for such interim period, without discussing Hamrick’s claim in the alternative for active duty pay, the court rendered judgment for retired pay. In this case there was no order suspending the action of the retiring board pending reconsideration, no recall to active duty, and no subsequent promotion while on active duty. Although Hamrick was advanced on the retired list to a higher grade effective from the date of his retirement, no claim was asserted in connection with this promotion.
In the cases of Thomas, Ramsey and Frame, supra, there was no claim made for active duty pay for any period. The claims involved only disability retired pay from the date of release to inactive duty to the date the retired pay commenced. In none of these cases was there a recall to active duty and no assertion that the release to inactive duty was illegal and ineffective. In none of these cases was there involved a subsequent promotion and a claim that the retired pay was based on too low a rank.
In the case of Register v. United States, 131 C. Cls. 98, plaintiff was relieved from active duty on account of physical disability on February 16, 1947, but without disability retirement benefits. On November 19, 1947, Register was discharged from military service. Plaintiff claimed active duty pay from February 16, 1947 to November 19, 1947, and disability retired pay from November 19, 1947 to date of judgment. The court held that on the findings of the retiring board, Register was incapacitated for active service and entitled to disability retirement and that his release to inactive service in February 1947 was improper. The court stated :
“* * * He was not actually discharged until November 19, 1947; hence, he is entitled to his active duty pay in the meantime.”
The court also awarded Register a judgment for disability retired pay from November 19, 1947. In the Register case, there was no authorized release to inactive duty, no subsequent recall to active duty, and no promotion while on active duty after recall.